1  Edward Patrick Swan, Jr., State Bar No. 089429
   Caryn M. Anderson, State Bar No. 247038
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   600 West Broadway, Suite 2600
3  San Diego, California 92101-3372
   Telephone No.: 619.236.1414
4  Fax No.: 619.232.8311

5  Attorneys for Third Party Scantibodies Laboratory Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  ABBOTT LABORATORIES,                    Case No. 08-CV-1525 H (BLM)

12        Plaintiff,                        The Hon. Barbara L. Major

13  v.                                      **THIRD PARTY SCANTIBODIES
                                            LABORATORY, INC.'S OPPOSITION
14  SCANTIBODIES LABORATORY, INC.,          TO MOTION TO COMPEL**

15        Defendant.                        Date:    September 17, 2008
                                            Time:    3:00 p.m.
16

17        Third Party Scantibodies Laboratory Inc. ("SLI") respectfully submits this opposition to the

18  motion to compel two subpoenas filed by Abbott Laboratories ("Abbott").

19                          __INTRODUCTION__

20        The two subpoenas arise out of a patent action pending in the Northern District of Illinois in

21  Chicago between Abbott and Church & Dwight Co., Inc. ("C&D"). SLI is not a party to the Chicago

22  action, but as Abbott has known for years, manufactures pregnancy test kits for C&D.

23        This is not Abbott's first attempt to subpoena a large number of documents from SLI. In a

24  prior action between Abbott and C&D filed in the District of New Jersey in 2005, Abbott issued a

25  similarly overbroad document subpoena to SLI. *See* Exhibit 1 to the declaration of Edward Patrick

26  Swan, Jr. ("Swan Decl."). On November 30, 2006, SLI timely served objections to the subpoena.

27  Swan Decl., Exhibit 2. Abbott made no attempt to compel the production of these subpoenaed

28  documents, and no documents were produced.

                                    1            Case No. 08CV1525 H (BLM)

1    Now, in a newly filed case in Chicago, Abbott has again subpoenaed documents from SLI, this

2    time increasing the categories of documents from 7 to 18. Swan Decl., Ex. 3. SLI served timely

3    objections to the subpoena. Swan Decl., Ex. 4. Counsel for Abbott and SLI then engaged in meet and

4    confers that limited Abbott's subpoena to Request No. 11 calling for the production of certain test

5    records. Swan Decl., ¶¶ 6-13, 25. Thereafter, Abbott's counsel reneged on the agreement, and

6    demanded that SLI produce documents to all 18 categories. Swan Decl., ¶¶ 14-16. SLI refused.

7    Abbott also served a subpoena to inspect SLI's facilities. Swan Decl., Ex. 7. On August 18,

8    2008, SLI served timely objections by mail. Swan Decl., ¶ 19, Ex. 14. Without seeing the objections,

9    much less meeting and conferring on these objections, Abbott filed the instant motion to compel the

10   next day. Swan Decl., ¶¶ 19-22.

11   Abbott's motion to compel should be denied on several grounds. Among other things, Abbott

12   failed to meet and confer concerning all disputed issues as required by Local Civil Rule 26.1(a).

13   Further the subpoenas are overbroad and burdensome, and seek the production of documents already

14   produced by C&D in the Chicago case. *See* Declaration of Stephen B. Shear ("Shear Decl."). It seeks

15   documents that Abbott agreed not to pursue until it reneged. It also seeks virtually unlimited

16   inspection of SLI's facilities. The motion to compel should be denied.

17   <div align="center">**POINTS AND AUTHORITIES**</div>

18   **I.    The Motion to Compel Should be Denied Because Abbott Failed to Meet and Confer on All Disputed Issues**

19

20   Abbott failed to meet and confer "concerning all disputed issues" as required by Local Civil

Rule 26.1(a). SLI timely served its objections to the inspection subpoena by mail on August 18, 2008.

21   The next day, before it had even seen the objections, and without any attempt to meet and confer,

22   Abbott filed the instant motion to compel. Swan Decl., ¶¶ 19-22. Based on this failure alone,

23   Abbott's motion to compel is defective and should be denied.

24   Local Civil Rule 26.1(a) provides that the Court "shall entertain no motion pursuant to Rules

25   26 through 37 … unless counsel have previously met and conferred concerning *all* disputed issues."

26   (emphasis added.) Abbott brings this motion to compel pursuant to Rules 26 and 45. (See Abbott's

27   Brief, 7:2-7.) Therefore, this Court should not entertain the motion unless counsel have met and

28

1    conferred concerning all disputed issues.

2         Additionally, any such motion must be accompanied by a certificate of compliance with this

3    rule.  Local Civil Rule 26.1(b).  Although Abbott purportedly attached a certificate of compliance, the

4    certificate is misleading.  (Abbott's Brief, 1:17-24.)  For instance, the certificate represents that Abbott

5    corresponded with SLI by phone and in writing regarding "the disputed issues."  But, counsel never

6    corresponded in any way, and counsel made no attempts to meet and confer, regarding the subpoena

7    seeking an inspection of SLI's premises.  Swan Decl.,  ¶¶ 19-22.  Rather, counsel met and conferred

8    regarding only the subpoena requesting the production of documents and testimony.

9         Consequently, counsel have not met and conferred concerning all disputed issues raised by this

10   motion as required by Local Civil Rule 26.1 and this Court should, therefore, not entertain this

11   motion.  Alternatively, the Court should not entertain the motion as to the subpoena seeking an

12   inspection of SLI's premises as counsel did not meet and confer as to the disputed issues related to it.

13   **II.    This Motion to Compel Should not be Granted Because the Subpoenas Exceed the**
         **Bounds of Fair Discovery and Impose an Undue Burden on SKL**
14

15        Rule 45 provides that, among other things, a nonparty may be compelled by subpoena to

16   produce designated documents or to permit the inspection of premises.  Rule 45(a)(1)(A)(iii).  Rule

17   26, however, imposes limits on discovery that apply to Rule 45 subpoenas.  See *Concord Boat Corp.*

18   *v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996); *Schaaf v. SmithKline Beecham Corp.*, 233

19   F.R.D. 451, 453 (E.D.N.C. 2005).  For instance, a court must limit discovery, even of relevant matter,

20   if it determines that:

21            (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained
              from some other source that is more convenient, less burdensome, or less expensive;
22            (ii) the party seeking discovery has had ample opportunity to obtain the information by
              discovery in the action; or (iii) the burden or expense of the proposed discovery
23            outweighs its likely benefit, considering the needs of the case, the amount in
              controversy, the parties' resources, the importance of the issues at stake in the action,
24            and the importance of the discovery in resolving the issues.  Rule 26(b)(2)(C).
25

26   Additionally, under Rule 26(c), a court may limit discovery to "to protect a party or person from

27   annoyance, embarrassment, oppression, or undue burden or expense."

28   / / /

1    Similarly, under Rule 45, a court must quash a subpoena that "subjects a person to undue

2    burden" or "requires disclosure of privileged or other protected matter." Rule 45(c)(3)(A)(iii)-(iv).

3    Finally, under Rule 45, a court may modify or quash a subpoena that requires "disclosing a trade

4    secret or other confidential research, development, or commercial information." Rule 45(c)(3)(B)(i).

5    Whether a subpoena imposes an undue burden "is a specific inquiry that turns on the facts of

6    each case." *Beinin v. Center for Study of Popular Culture*, 2007 WL 832962, *5 (N.D. Cal. 2007);

7    *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998). An "evaluation of undue burden

8    requires the court to weigh the burden to the subpoenaed party against the value of the information to

9    the serving party." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). Therefore, the

10   relevance of the subpoenaed information is important to whether a subpoena imposes an undue

11   burden. *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335 (N.D. Cal.

12   1995). Further, a witness' status as a non-party entitles him or her to "consideration regarding

13   expense and inconvenience." *Concord Boat*, 169 F.R.D. at 49; *see Schaaf*, 233 F.R.D. at 453. In fact,

14   the "status of the person as a nonparty is a factor that weighs against disclosure." *Beinin* at *5.

15   Specifically, whether a documents subpoena imposes an undue burden "depends upon such

16   factors as relevance, the need of the party for the documents, the breadth of the document request, the

17   time period covered by it, the particularity with which the documents are described and the burden

18   imposed." *Concord Boat*, 169 F.R.D. at 49; *Schaaf*, 233 F.R.D. at 453 [on motion to compel]. A

19   subpoena that is facially overbroad imposes an undue burden. *Williams*, 178 F.R.D. at 109 ; *In re*

20   *Biovail Corporation Securities*, 247 F.R.D. 72, 75 (S.D.N.Y. 2007). Requests for documents that

21   pertain to a party and that can be more easily and inexpensively be obtained from that party also

22   impose an undue burden. *Moon,* 232 F.R.D. at 638. Further, if the documents sought are neither

23   relevant nor calculated to lead to the discovery of admissible evidence, "then any burden whatsoever

24   imposed upon the non-party would be by definition undue." *Compaq Computer Corp.*, 163 F.R.D. at

25   335-36.

26   Because entry upon a party's premises "may entail greater burdens and risks than mere

27   production of documents, a greater inquiry into the necessity for inspection" is warranted. *Belcher v.*

28   *Bassett Furniture Ind., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978) [Rule 34 subpoena]. Therefore, under

Rule 26, "the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." *Id.*; *Arkansas Game & Fish Comm. v. United States*, 74 Fed.Cl. 426, 432 (2006). Where the same information can be gained from other methods of discovery, those methods should first be engaged before resorting to an inspection of a nonparty's premises. *See Belcher*, 588 F.2d at 909-10. Additionally, where the information sought by a Rule 45 nonparty subpoena to inspect premises is of "questionable relevance and not likely to lead to the discovery or relevant evidence," a protective order under Rule 26 is appropriate. *Fellner v. Supreme Corp.*, 1995 WL 79787, *3 (D.N.J. 1995).

**A.     The Subpoena for Documents and Testimony is Objectionable on Numerous Grounds**

The subpoena for documents and testimony is objectionable on numerous grounds. For instance, the 18 categories seek a broad range of documents that SLI believes is largely in the possession of C&D and that were produced by C&D in the Chicago action. *See* Shear Decl. Abbott is required to seek the documents first from C&D, and only pursue them from SLI, a non-party, if it has exhausted all attempts to secure them from C&D. Abbott has either obtained the documents already from C&D, or has failed to do that first. Therefore, the information sought by this subpoena is either duplicative or available from another source that is more convenient and less burdensome under Rule 26(b)(2)(i). Further, this subpoena imposes an undue burden on SKL under *Moon* because the documents can more easily and inexpensively be obtained from *a party*. *Moon*, 232 F.R.D. at 638.

The subpoena requests are overbroad, unduly burdensome, vague and ambiguous. Abbott has refused to limit any of the requests. Swan Decl., ¶ 16. Further, the subpoena requests are unlimited in scope and/or time, or pertain to a period of time that is not relevant to the underlying action. Despite SKL's requests to narrow the time period from 1999 to the present to a more reasonable period of the last two years, Abbott refused. Swan Decl., ¶ 16. Where, as here, a subpoena is facially overbroad, it imposes an undue burden. *Williams*, 178 F.R.D. at 109.

Additionally, the subpoena seeks the production of documents containing confidential or proprietary business information of SLI. While there is apparently a protective order in place in the Chicago case, Abbott has not made any assurances that any documents produced would be protected.

1    Where a subpoena requires disclosure of trade secrets or other confidential commercial information, it

2    is appropriate for a court to protect anyone affected by the subpoena by modifying or quashing it.

3    Rule 45(c)(3)(B)(i).

4          Finally, the subpoena also seeks documents that are protected by the attorney-client or work

5    product protection.  These documents are clearly not discoverable.  In fact, as explained above, a court

6    must modify or quash a subpoena calling for the production of privileged documents.   Rule

7    45(c)(3)(A)(iii).

8          For these reasons, this subpoena imposes an undue burden on SLI and exceeds the bounds of

9    fair discovery permitted under Rule 26(b)(2)(C) and Rule 45(c)(3).  Therefore, Abbott's motion to

10   compel the subpoena for documents and testimony should be denied.

11         **B.    The Inspection Subpoena is Also Objectionable on Numerous Grounds**

12         The inspection subpoena (Swan Decl., Ex. 7) is also objectionable on numerous grounds.  For

13   instance, the subpoena seeks to permit Abbott to enter SLI's "plant, facilities or other premises" for

14   the "purpose of inspecting, photographing and videotaping premises, objects, product, equipment and

15   operations that concern the production, manufacture and/or assembly of any test for the diagnosis of

16   pregnancy or ovulation for or on behalf of Church & Dwight, Inc., or any component part thereof

17   (C&D Test Kits)."  It further seeks to conduct such inspection, photographing and/or videotaping for

18   an unlimited period of time, and states that the inspection "shall be during an actual production run or

19   runs of commercial batches of C&D Test Kits for the detection of pregnancy and ovulation."  It

20   further provides that the inspection "may be conducted by counsel for Abbott, a videographer,

21   photographer and one or more experts," none of whom are identified by name.  Swan Decl., Ex. 7;

22   Declaration of Jerry Sun ("Sun Decl."), ¶ 2.

23         Therefore, the subpoena is overly broad, unduly burdensome, not reasonably calculated to the

24   discovery of admissible evidence and not relevant to any claim or defense on the grounds that the

25   asserted claims of the patents-in-suit are not directed to a method of manufacture.  Instead, the

26   asserted claims are device claims and method of use claims.  Where, as here, the subpoena seeks

27   information of questionable relevance and is unlikely to lead to the discovery of relevant evidence, a

28   protective order under Rule 26 is appropriate.  *Fellner*, 1995 WL 79787, *3.  Further, any burden

1    imposed on a nonparty in the pursuit of non-relevant evidence is by definition undue.  See *Compaq*

2    *Computer Corp.*, 163 F.R.D. at 335-36.  Yet here, Abbott seeks to impose a substantial burden and

3    risk on SLI by entering upon its private property and having persons of undisclosed identity videotape

4    and photograph its operations.

5          Further, SLI is informed and believes that C&D has already produced documents, including

6    SLI's documents, detailing the ingredients, components, and materials of the devices manufactured by

7    SLI for C&D as well as documents detailing the function, operation and method of use of the devices

8    manufactured by SLI for C&D.  Therefore, the subpoena is also harassing in that it seeks information

9    that is cumulative and duplicative of information contained in the documents produced by C&D and

10   already in Abbott's possession.  Further the subpoena is harassing in that it seeks information that is

11   cumulative and duplicative of Abbott's 30(b)(6) deposition of C&D and duplicative of information

12   requested by Abbott's prior subpoena to SLI.  Accordingly, this discovery ought to be limited under

13   Rule 26(b)(2)(C).  Further, Abbott ought to be required to use the information available, and that it

14   already has, under other methods of discovery before resorting to an inspection of SLI's facility.

15   *Belcher*, 588 F.2d at 909-910.

16         Additionally, the subpoena seeks "inspection, photographing and/or videotaping" of SLI's

17   "plant, facilities or other premises" where SLI manufactures product.    Such "inspection,

18   photographing and/or videotaping" would unreasonably, improperly and impermissibly reveal and

19   copy SLI's trade secrets and other confidential research, development and commercial information,

20   and thereby require disclosure of privileged or other protected matter.  Many manufacturing processes

21   are unique to SLI and observation by a third party, especially a third party competitor could produce a

22   competitive disadvantage.  Sun Decl., ¶ 3.  This should not be permitted under Rule 45(c)(3)(B)(i) as

23   discussed above.

24         The scope of the subpoena, both as to the unlimited time of the inspection and the areas to be

25   inspected, is overly broad, unduly burdensome and oppressive.  The inspection sought by the

26   subpoena will unreasonably interfere and obstruct SLI's manufacturing and other operations.  The

27   inspection sought by the subpoena would allow unauthorized persons into SLI's manufacturing

28   facility, presenting safety and liability issues.  The production areas are clean and semi-clean rooms

and as such require specific preparation, clothing and other supplies that are unique and specific to SLI. These areas are designed for those who are familiar with production and may be unsafe for visitors. The chemicals and other production supplies require specific degrees of safety training before entry is allowed. Sun Decl., ¶ 4. The inspection sought by the subpoena also seeks inspection by unnamed persons. Yet, as discussed above, the information sought is, at best, of questionable relevance. Simply put, the burdens and risks involved with Abbott's entry into SLI's facilities outweigh the degree to which the proposed inspection could possibly aid in the search for truth. *Belcher*, 588 F.2d at 908.

For these reasons, the motion to compel the inspection of SLI's facilities should be denied.

## III.    SLI Ought to be Protected Against Significant Expense

If the Court grants any part of Abbott's motion to compel, "the order must protect a person who is neither a party nor a party's officer," such as SLI, "from significant expense resulting from compliance" and must ensure that SLI "will be reasonably compensated." Rule 45(c)(2)(B)(ii); Rule 45(c)(3)(C). Consequently, Abbott may, and should, be ordered to pay all or part of the expenses SLI reasonably incurs in complying with these subpoenas. See *In re First American Corp.*, 184 F.R.D. 234, 241 (S.D.N.Y. 1998).

The factors relevant to determining how much of the production expense Abbott ought to be ordered to pay include: (1) the scope of the discovery; (2) the invasiveness of the request; (3) the extent to which SLI must separate responsive information from privileged or irrelevant material; (4) the reasonableness of the costs of production; (5) whether SLI has an interest in the outcome of the case; (6) the relative resources of Abbott and SLI; and (7) whether this litigation is of public importance. *U.S. v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 372, n.9 (9th Cir. 1982); *In re First American Corp.*, 184 F.R.D. at 241.

Here, the scope of the documents Abbott seeks is expansive, not reasonably limited by time, and its request is extraordinarily invasive, seeking to intrude on SLI's property to videotape and photograph manufacturing processes. Further, SLI must separate responsive documents from volumes of irrelevant and potentially protected commercial information belonging to unrelated customers. Moreover, SLI is a small, family owned and operated business. In contrast, Abbott is a multibillion

1    dollar international conglomerate with substantial financial resources.  Clearly, Abbott's resources

2    available to bear the production expense are far greater than SLI's.  Finally, SLI has no interest in the

3    outcome of this litigation, nor does the public.  Consequently, compliance is only beneficial to

4    Abbott's interests.

5         Therefore, considering these factors, Abbott ought to be ordered to pay all reasonable costs

6    incurred in by SLI in complying with these subpoenas.

7                                          **CONCLUSION**

8         Based on the foregoing, SLI respectfully requests that Abbott's motion to compel be denied.  If

9    any portion is granted, SLI respectfully requests that Abbott be ordered to pay all reasonable costs

10   incurred in by SLI in complying with these subpoenas.

11   DATED:  September 8, 2008        LUCE, FORWARD, HAMILTON & SCRIPPS LLP

12

13                                 By:  /s/ Edward Patrick Swan, Jr.
                                        Edward Patrick Swan, Jr.
14                                      Attorneys for Third Party Scantibodies Laboratory Inc.

15

16   101116322.2

17

18

19

20

21

22

23

24

25

26

27

28

1   Edward Patrick Swan, Jr., State Bar No. 089429
    Caryn M. Anderson, State Bar No. 247038
2   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
    600 West Broadway, Suite 2600
3   San Diego, California 92101-3372
    Telephone No.: 619.236.1414
4   Fax No.: 619.232.8311

5   Attorneys for Third Party Scantibodies Laboratory Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  ABBOTT LABORATORIES,              Case No. 08-CV-1525 H (BLM)

12          Plaintiff,                The Hon. Barbara L. Major

13  v.                                **DECLARATION OF EDWARD
                                      PATRICK SWAN, JR. IN SUPPORT OF**
14  SCANTIBODIES LABORATORY, INC.,    **THIRD PARTY SCANTIBODIES
                                      LABORATORY INC.'S OPPOSITION TO**
15          Defendant.                **MOTION TO COMPEL**

16                                    Date:      September 17, 2008
                                      Time:      3:00 p.m.
17

18

19          I, Edward Patrick Swan, Jr. declare as follows:

20          1.      I am a partner of the law firm of Luce Forward Hamilton & Scripps LLP, a member of

21  the California State Bar and this Court, and I am counsel of record for third party Scantibodies

22  Laboratory, Inc. ("SLI") in this case.  I make this declaration in support of SLI's opposition to Abbott

23  Laboratories' ("Abbott") motion to compel.  Except as otherwise noted, I have personal knowledge of

24  the following facts, and I could competently testify thereto.

25          2.      This is not Abbott's first attempt to subpoena a large number of documents from SLI.

26  In a prior action between Abbott and Church & Dwight Co., Inc. ("C&D"), filed in the District of

27  New Jersey in 2005, Abbott issued a similarly overbroad document subpoena to SLI.  A true and

28  correct copy is attached as Exhibit 1.  On November 30, 2006, SLI timely served objections to the

                                    1                    Case No. 08-CV-1525 H (BLM)

1    subpoena. A true and correct copy is attached as Exhibit 2. Abbott made no attempt to compel the

2    production of these subpoenaed documents, and no documents were produced.

3          3.     Now, in a newly filed case in Chicago, Illinois, Abbott has again subpoenaed

4    documents from SLI, this time increasing the categories of documents from seven to eighteen. A true

5    and correct copy of this subpoena is attached as Exhibit 3.

6          4.     On May 9, 2008, I spoke with Stephanie McCallum, attorney for Abbott, and she

7    agreed to extend our time to respond to the subpoena for seven days.

8          5.     On May 20, 2008, SLI timely served its objections to the subpoena. A true and correct

9    copy of the objections is attached as Exhibit 4.

10          6.     On June 3, 2008, I spoke with Kevin Warner, Abbott's counsel, by telephone.

11    Mr. Warner told me that Abbott was only interested in obtaining documents from SLI pursuant to

12    Request Nos. 10 and 11 in the subpoena. With respect to Request No. 10, he said Abbott would like

13    samples of all reagents used since 1999 that were still in existence. With respect to Request No. 11,

14    he said Abbott would like all documents relate to the testing of those reagents. I asked Mr. Warner if

15    C&D had these reagents and testing documents and could produce them, and he said he did not

16    believe so. Mr. Warner said that the other categories of documents were going to be or had been

17    obtained from C&D directly. Accordingly, we did not discuss the other categories of documents.

18          7.     On June 5, 2008, I spoke with Baldo Vinti, counsel for C&D. Mr. Vinti told me that

19    C&D had and would produce the sample reagents requested in Request No. 10, and confirmed that

20    C&D had produced or would produce the other documents except for some of the testing documents

21    requested in Request No. 11.

22          8.     On June 10, 2008, I received a copy of a letter from Mr. Vinti to Ms. McCallum

23    offering to ship the sample reagents to her that were requested in Request No. 10 to SLI. A true and

24    correct copy of the letter is attached as Exhibit 5.

25          9.     On July 16, 2008, I spoke by telephone with Mr. Vinti. He told me was ready to

26    produce the reagent samples to Abbott, but Abbott had not gotten back to him.

27    / / /

28    / / /

10.     On July 21, 2008, I received an e-mail from Mr. Warner requesting an update.  This was the first time I had heard from Mr. Warner since June 23, 2008, and I had assumed that he was working out the document issues with C&D's counsel.

11.     On July 24, 2008, I called Mr. Warner and left him a voicemail message to call me back.  I also sent him an e-mail that day stating that my understanding was that the only documents Abbott was now seeking from SLI were those described in Request No. 11.  I noted that there was no time limitation in No. 11, making it overbroad, burdensome and oppressive.  I advised Mr. Warner that SLI would produce responsive documents, but we would need to have an agreed-upon time limitation.  I also noted that the description in Request No. 11 was also overbroad, and my understanding was that the request sought documents relating to the testing of the antibodies.  I told him that his e-mail mentioned certifications, which is not in Request No. 11.  I told him I would appreciate it if he would clarify what he was requesting.  A true and correct copy of my e-mail of July 24, 2008 is attached as Exhibit 6.

12.     On Friday, August 1, 2008, I received an e-mail message from Mr. Warner asking if I would let him know by the close of business on Monday, August 4, 2008, whether I would accept service of a new subpoena to SLI requesting an inspection of SLI's facilities on August 22, 2008.  Mr. Warner stated in his e-mail that he would also contact me on Monday to discuss the outstanding document and deposition requests associated with the previous subpoena served on SLI.  A true and correct copy of Mr. Warner's August 1, 2008 e-mail and the inspection subpoena is attached as Exhibit 7.

13.     On Monday, August 4, 2008, I sent an e-mail message to Mr. Warner stating that I would accept service of the new subpoena to SLI.  In my e-mail, I also noted that I had not heard back from him in response to my July 24, 2008 e-mail regarding the first subpoena.  I told him I would appreciate if he would let me know the information I requested in that e-mail.  A true and correct copy of my August 4, 2008 e-mail message is attached as Exhibit 8.

14.     On August 4, 2008, I received an e-mail message from Mr. Warner thanking me for agreeing to accept service of the subpoena and considering the subpoena as having been served on August 4, 2008.  [Note: This meant any objections were due by August 18, 2008, four days before the

1    August 22, 2008 requested inspection.] Mr. Warner then recanted his previous agreement to limit the

2    requests in the first subpoena, and stated that Abbott was not withdrawing any or all of its other

3    document requests. A true and correct copy of Mr. Warner's August 4, 2008 e-mail is attached as

4    Exhibit 9.

5         15.    I was very surprised by Abbott's recantation. On August 10, 2008, I sent an e-mail

6    message to Mr. Warner telling him I was disappointed in his message, and telling them that he was

7    now attempting to renege on his prior agreement. I told him that was unacceptable. I also told him

8    that his unwillingness to include a time limitation on Request No. 11 was unreasonable. I told him it

9    ignores the fact that the product has a two-year shelf life. I told him SLI would produce responsive,

10   non-privileged documents going back two years. Finally, I told Mr. Warner that SLI's Rule 30(b)(6)

11   witness on testing would be Jerry Sun. I told him I assumed he would want to depose Mr. Sun after he

12   received the documents, and asked him what dates were available for him after August 25, 2008. A

13   true and correct copy of my August 10, 2008 e-mail is attached as Exhibit 10.

14        16.    On August 11, 2008, I received an e-mail message from Mr. Warner stating that I had

15   mischaracterized our earlier conversation about Abbott's subpoena to SLI. Mr. Warner stated that he

16   was sure that I would recall that there was no specific mention whatsoever of "Topic 11" during any

17   of our previous phone conversations. This of course was not true. He further stated that he never

18   agreed to narrow the subpoena to any particular document categories and forego others. Again, this

19   was not true. A true and correct copy of Mr. Warner's August 11, 2008 e-mail is attached as

20   Exhibit 11.

21        17.    On August 18, 2008, I received an e-mail message from Mr. Warner asking to let him

22   know by the end of the day whether SLI intended to permit the inspection of its facilities to go

23   forward on August 22, 2008. A true and correct copy of Mr. Warner's August 18, 2008 e-mail is

24   attached as Exhibit 12.

25        18.    On August 18, 2008, I responded to Mr. Warner's e-mail message, and told him that

26   we served objections that day to the inspection subpoena and SLI would not agree to the requested

27   inspection. I asked him to let me know his thoughts after he received the objections. I also informed

28   him that I received his August 11, 2008 e-mail that came while I was on vacation. I told him that I

1    disagreed with his revisionist history and positions. A true and correct copy of my August 18, 2008

2    e-mail message is attached as Exhibit 13.

3         19.    On August 18, 2008, SLI timely served its objections to Abbott's subpoena to permit

4    inspection. My assistant served the objections by mail on Ms. McCallum and Mr. Vinti that same day.

5    A true and correct copy of the objections is attached as Exhibit 14.

6         20.    The next day (August 19, 2008), before Abbott received SLI's objections to Abbott's

7    subpoena to permit inspection, Abbott filed the instant motion to compel. Abbott served it on SLI on

8    August 20, 2008.

9         21.    On August 28, 2008, I received an e-mail message from Mr. Warner stating that he had

10   not received SLI's objections to the inspection subpoena that I referenced in my August 18, 2008

11   e-mail, and asked that I forward a copy to him as soon as possible. A true and correct copy of

12   Mr. Warner's August 28, 2008 e-mail message is attached as Exhibit 15.

13        22.    On September 2, 2008, my assistant e-mailed another copy of the objections to

14   Mr. Warner, and informed him that they were mail served to Ms. McCallum at his firm on August 18,

15   2008. A true and correct copy of her e-mail message is attached as Exhibit 16.

16        23.    As part of its motion to compel, Abbott included a "Certificate of Compliance with

17   Local Rule 26.1." Abbott certified that it had met and conferred regarding the disputed issues. This is

18   not correct. Abbott never met and conferred regarding SLI's objections to the inspection subpoena. It

19   is quite clear that Abbott filed its motion to compel before even receiving SLI's objections to the

20   inspection subpoena. Since receiving the objections to the inspection subpoena, Abbott has made no

21   attempt to meet and confer regarding them.

22        24.    I have read the declaration of Mr. Warner filed in support of the motion to compel. It

23   contains statements that I believe are misleading and untrue. For example, in paragraph six

24   Mr. Warner states that discovery in the Illinois action has revealed that C&D is not itself the

25   manufacturer of the accused products, and many of the accused products are manufactured in

26   California by SLI. This statement is misleading. Prior to the Illinois action, I believe Abbott knew

27   that SLI manufactured a pregnancy test kit for C&D. This belief is based on the subpoena Abbott

28   served on SLI in the New Jersey case.

Case No. 08-CV-1525 H (BLM)

1    25.    In paragraph 10 on his declaration, Mr. Warner mischaracterizes the telephone

2 conversation I had with him on June 3, 2008.  Contrary to his declaration, Mr. Warner told me that

3 Abbott was limiting its request for documents from SLI to Requests Nos. 10 and 11 contained in the

4 subpoena .

5    26.    In his declaration, Mr. Warner accuses me of "delay tactics."  I did not engage in delay

6 tactics.  My understanding was that Abbott and C&D were engaged in discussions regarding the same

7 documents subpoenaed from SLI and the same deposition topics requested from SLI.  I was waiting

8 for a resolution of those issues.

9    I declare under penalty of perjury under the laws of the United States of America that the

10 foregoing is true and correct, and that I executed this declaration on September 8, 2008, in San Diego,

11 California.

12

13

14

15    101116599.1

16

17

18

19

20

21

22

23

24

25

26

27

28

Edward Patrick Swan, Jr.

6

Case No. 08-CV-1525 H (BLM)

# EXHIBIT 1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

CHURCH & DWIGHT CO., INC.
Plaintiffs

v.

ABBOTT LABORATORIES
Defendants

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]   05-CV-2142 (GEB)
(For a case pending in the District of New Jersey)

TO:
Scantibodies Laboratory, Inc.
ATTN: ALLEN GARRETT, Registered Agent
9336 Abraham Way
Santee, CA 92071 USA

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A, attached

| PLACE | DATE AND TIME |
|---|---|
| Merrill Corporation<br>British Pacific Centre<br>8899 University Center Lane, Suite 200<br>San Diego, CA 92122 | November 22, 2006<br>10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Stephanie McCallum, Esq., Attorney for Defendant Abbott Laboratories | November 3, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephanie McCallum, Esq., Winston & Strawn LLP, 35 W. Wacker Dr., Chicago, IL 60601        (312) 558-5600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___1___

PAGE ___1___ OF _6_

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
_____ DATE                    SIGNATURE OF SERVER

                                                    _____
                                                    ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

EXHIBIT ___1___

PAGE ___2___ OF ___6___



## SCHEDULE A

### Definitions and Instructions

1. "Scantibodies" or "you" or "your" shall mean Scantibodies Laboratory, Inc., as well as its predecessors, successors, subsidiaries, parent companies, agents, representatives, partners, employees, affiliates or persons purporting to act on its behalf, including, but not limited to, Carter-Wallace, Inc.

2. "C&D" or "Plaintiff" shall mean Church & Dwight, Inc., the Plaintiff and Counter-Defendant in this action, as well as its predecessors, successors, subsidiaries, parent companies, agents, representatives, partners, employees, affiliates or persons purporting to act on its behalf, including, but not limited to, Cater-Wallace, Inc.

3. "Defendant" or "Abbott" shall mean Abbott Laboratories, Defendant and Counter-Plaintiff in this action, as well as its predecessors, successors, subsidiaries, parent companies, agents, representatives, partners, employees, affiliates or persons purporting to act on its behalf.

4. The term "Charlton Patents" shall mean U.S. Patent Nos. 5,714,389, 5,989,921 and 6,485,982.

5. The "'389 patent" shall mean U.S. Patent No. 5,714,389.

6. The "'921 patent" shall mean U.S. Patent No. 5,989,921.

7. The "'982 patent" shall mean U.S. Patent No. 6,485,982.

8. The term "C&D Test Product" shall mean any lateral flow immunoassays, made, used, or sold by C&D since 1999.

9. The term "Scantibodies Test Product" shall mean any lateral flow immunoassays and all materials, components or ingredients of such immunoassays, made by Scantibodies for,

1

EXHIBIT ___1___

PAGE _3_ OF _6_

on behalf of, or at the request of C&D, including the C&D Test Products, and any materials,
components or ingredients of the C&D Test Products.

    10.   "Document" shall mean any written, graphic, recorded or illustrative material of
any kind or description, however produced or reproduced, and regardless of whether approved,
signed, sent, received, redrafted, or executed, prepared by or for you, in your possession,
custody, or control. The term "document" includes, but is not limited to, the following:
correspondence, memoranda, drafts, computerized records, notes, jottings, books, lab notebooks,
records, reports, surveys, studies, analyses, things, videotapes, recordings, computer disks,
electronic mail, e-mail, transcriptions of verbal conversations or statements however made,
business forms, labels, papers and films filed with courts or other governmental bodies, notices,
messages, calendar and diary entries, appointment books, minutes and other formal or informal
memoranda of meetings, and copies of documents that are not identical duplicates of the
originals (e.g., because handwritten or "blind" notes appear thereon or are attached thereto).

    11.   "Thing" shall mean any physical specimen or tangible item other than a
document.

    12.   "Person" shall mean any natural person, firm, association, partnership,
government agency, or other entity and its officers, directors, partners, employees,
representatives and agents.

    13.   The term "relating to" "reflecting," "referring," "relating to," or any derivation
thereof shall mean, without limitation, consisting of, constituting, containing, mentioning,
describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting,
undermining, contradicting, concerning, reflecting, referring to, pertaining to, prepared in

EXHIBIT    1

PAGE   4   OF  6

connection with, used in preparation for, or being in any way legally, logically, or factually connection with the matter discussed.

14. "Communication" shall mean or refer to all inquires, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other forms of information exchanged, whether oral, electronic, or written. Unless the request specifically states otherwise, references to the singular shall include the plural and vice versa; references to one gender shall include the other gender; references to the past include the present and vice versa; and disjunctive terms include the conjunctive and vice versa.

15. If you at any time had possession or control of a document requested herein and if such document has been lost, destroyed, purged, or is not presently in your possession or control, identify the document, the date of its loss, destruction, purge or separation from your possession or control, and the circumstances surrounding its loss, destruction, purge or separation from your possession or control.

16. Should you refuse, on the grounds of attorney-client privilege, work product immunity or any other privilege, to produce any document or tangible thing, then you shall provide at the time of making said refusal a list of all such non-produced documents or things. As to any such document or thing, state the following: the nature of the privilege or immunity being claimed; the number of the request calling for its production; the date of the document; the name of each person who signed or prepared the document; the name of each addressee and person to whom the document or copies thereof were given or sent; a description of the general subject matter of the document; an identification of any document or other material transmitted with or attached to the document; and the nature or character of the document or thing.

3

EXHIBIT ____1____

PAGE __5__ OF _6_

## List of Documents

1. All documents relating to any agreements between Scantibodies and C&D and/or any other party relating to the manufacture of any Scantibodies Test Products or any C&D Test Products, including but not limited to any such agreements themselves.

2. All communications between Scantibodies and C&D relating to the decision to enter into, or to forgo, any agreement relating to the manufacture of any Scantibodies Test Products or any C&D Test Products.

3. All communications between Scantibodies and C&D relating to the manufacture of any Scantibodies Test Product or any C&D Test Product.

4. All documents relating to materials, ingredients or components used in the manufacture of any Scantibodies Test Products.

5. All documents relating to the manufacture by Scantibodies of any Scantibodies Test Products, including manufacturing processes, manufacturing specifications, and engineering drawings.

6. All documents relating to the design and development of any Scantibodies Test Prodcut.

7. All documents relating to the Charlton patents, including any communications between Scantibodies C&D relating to the Charlton patents.

EXHIBIT ___1___

PAGE _6_ OF _6_

4

**\*\* TOTAL PAGE.07 \*\***

EXHIBIT 2

1  Edward Patrick Swan, Jr., State Bar No. 089429
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  600 West Broadway, Suite 2600
   San Diego, California 92101-3372
3  Telephone No.: 619.699.2415
   Fax No.: 619.645.5321
4

5  Attorneys for Non-Party Scantibodies Laboratory, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  CHURCH & DWIGHT CO., INC.,              Case No. 05-CV-2142 (GEB)
                                            (Pending in the District of New Jersey)
12           Plaintiff,
                                            **NON-PARTY SCANTIBODIES**
13  v.                                      **LABORATORY, INC.'S RESPONSES**
                                            **AND OBJECTIONS TO DEFENDANT**
14  ABBOTT LABORATORIES,                    **ABBOTT LABORATORIES' SUBPOENA**
                                            **DUCES TECUM**
15           Defendant.

16

17         Non-party Scantibodies Laboratory, Inc. ("Scantibodies") hereby responds and objects to

18  defendant Abbott Laboratories' ("Abbott") subpoena duces tecum dated November 3, 2006 (the

19  "Subpoena") as follows:

20                          **GENERAL OBJECTIONS**

21         1.      Scantibodies objects that the Subpoena seeks a broad range of documents that

22  Scantibodies believes is largely in the possession of plaintiff Church & Dwight Co., Inc. and is the

23  subject of pending discovery requests by Abbott of Church & Dwight Co., Inc. Abbott is required

24  to seek the documents first from Church & Dwight Co., Inc., and only pursue them from

25  Scantibodies, a non-party, if it has exhausted all attempts to secure them from Church & Dwight

26  Co., Inc. Accordingly, the Subpoena is premature and objectionable.

27

28
                                      EXHIBIT_____2_____

                                      PAGE___1___ OF __8__

                                            1

2.     Scantibodies objects to the Subpoena, including the "Definitions and Instructions" set forth in Schedule A thereto, to the extent it purports to impose burdens, obligations or requirements on Scantibodies that are inconsistent with, or exceed the scope of, permissible discovery under the Federal Rules of Civil Procedure.

3.     Scantibodies objects to the "Definitions and Instructions" set forth in Schedule A to the extent they collectively fail to describe the information requested with reasonable particularity and attempt to impose obligations on Scantibodies that are not required by, or consistent with, the Federal Rules of Civil Procedure.

4.     Scantibodies objects to the "List of Documents" set forth in Schedule A (the "Requests") to the extent they seek the production of documents that disclose any information, materials or communications protected from disclosure by the attorney-client privilege or any other applicable privileges.

5.     Scantibodies objects to the Requests to the extent they seek the production of documents containing confidential or proprietary business information.

6.     Scantibodies objects to the Requests to the extent they seek the production of documents that are not within its possession, custody or control.

7.     Scantibodies objects to the Requests to the extent they seek the production of documents that are already in the possession, custody or control of Abbott, or that are as equally accessible to Abbott as they are to Scantibodies.

8.     Scantibodies objects to the Requests to the extent they seek the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

9.     Scantibodies objects to the Requests to the extent they are unlimited in scope and/or time, or pertain to a period of time that is not relevant to the underlying action.

2

EXHIBIT ___2___

PAGE __2__ OF _8_

10.     Scantibodies objects to the Requests to the extent they seek documents that were not prepared, reviewed, sent or received by Scantibodies, and that have no connection to Scantibodies or its business.

11.     Scantibodies' responses are submitted without waiving, and while specifically preserving: (a) all objections as to the competency, relevancy, materiality and admissibility of the responses or the documents produced; (b) all objections to any demand for additional production of documents; (c) the right at any time to amend or supplement the responses; and (d) the right to move to quash or modify the Subpoena, or to otherwise seek appropriate relief with regard to the Subpoena.

12.     Scantibodies incorporates each of the foregoing General Objections into the following Specific Responses and Objections as if fully set forth.

# SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

All documents relating to any agreements between Scantibodies and C&D and/or any other party relating to the manufacture of any Scantibodies Test Products or any C&D Test Products, including but not limited to any such agreements themselves.

**RESPONSE TO REQUEST NO. 1:**

Scantibodies objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, seeks production of documents that contain confidential or proprietary business information, are protected by the attorney-client or work product protection, and are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Unless and until Abbott is unable to obtain the requested documents from plaintiff Church & Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the undue burden and expense of locating and producing any non-privileged documents that might be responsive to the subpoena that it might have in its possession, custody or control.

EXHIBIT ___2___

PAGE __3__ OF __8__

3

1  **REQUEST NO. 2:**

2      All communications between Scantibodies and C&D relating to the decision to enter into,

3  or to forgo, any agreement relating to the manufacture of any Scantibodies Test Products or any

4  C&D Test Products.

5  **RESPONSE TO REQUEST NO. 2:**

6      Scantibodies objects to this Request on the grounds that it is overbroad, unduly

7  burdensome, vague and ambiguous, seeks production of documents that contain confidential or

8  proprietary business information, are protected by the attorney-client or work product protection,

9  and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

10  Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

11  Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

12  undue burden and expense of locating and producing any non-privileged documents that might be

13  responsive to the subpoena that it might have in its possession, custody or control.

14  **REQUEST NO. 3:**

15      All communications between Scantibodies and C&D relating to the manufacture of any

16  Scantibodies Test Product or any C&D Test Product.

17  **RESPONSE TO REQUEST NO. 3:**

18      Scantibodies objects to this Request on the grounds that it is overbroad, unduly

19  burdensome, vague and ambiguous, seeks production of documents that contain confidential or

20  proprietary business information, are protected by the attorney-client or work product protection,

21  and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

22  Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

23  Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

24  undue burden and expense of locating and producing any non-privileged documents that might be

25  responsive to the subpoena that it might have in its possession, custody or control.

26  **REQUEST NO. 4:**

27      All documents relating to materials, ingredients or components used in the manufacture of

28  any Scantibodies Test Products.

EXHIBIT _2_

4

PAGE _4_ OF _8_

1 | **RESPONSE TO REQUEST NO. 4:**

2 |     Scantibodies objects to this Request on the grounds that it is overbroad, unduly

3 | burdensome, vague and ambiguous, seeks production of documents that contain confidential or

4 | proprietary business information, are protected by the attorney-client or work product protection,

5 | and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

6 | Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

7 | Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

8 | undue burden and expense of locating and producing any non-privileged documents that might be

9 | responsive to the subpoena that it might have in its possession, custody or control.

10 | **REQUEST NO. 5:**

11 |     All documents relating to the manufacture by Scantibodies of any Scantibodies Test

12 | Products, including manufacturing processes, manufacturing specifications, and engineering

13 | drawings.

14 | **RESPONSE TO REQUEST NO. 5:**

15 |     Scantibodies objects to this Request on the grounds that it is overbroad, unduly

16 | burdensome, vague and ambiguous, seeks production of documents that contain confidential or

17 | proprietary business information, are protected by the attorney-client or work product protection,

18 | and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

19 | Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

20 | Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

21 | undue burden and expense of locating and producing any non-privileged documents that might be

22 | responsive to the subpoena that it might have in its possession, custody or control.

23 | **REQUEST NO. 6:**

24 |     All documents relating to the design and development of any Scantibodies Test Product.

25 | **RESPONSE TO REQUEST NO. 6:**

26 |     Scantibodies objects to this Request on the grounds that it is overbroad, unduly

27 | burdensome, vague and ambiguous, seeks production of documents that contain confidential or

28 | proprietary business information, are protected by the attorney-client or work product protection,

EXHIBIT 2

PAGE 5 OF 8

1     and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

2     Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

3     Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

4     undue burden and expense of locating and producing any non-privileged documents that might be

5     responsive to the subpoena that it might have in its possession, custody or control.

6     **REQUEST NO. 7:**

7         All documents relating to the Charlton patents, including any communications between

8     Scantibodies C&D relating to the Charlton patents.

9     **RESPONSE TO REQUEST NO. 7:**

10        Scantibodies objects to this Request on the grounds that it is overbroad, unduly

11     burdensome, vague and ambiguous, seeks production of documents that contain confidential or

12     proprietary business information, are protected by the attorney-client or work product protection,

13     and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

14     Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

15     Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

16     undue burden and expense of locating and producing any non-privileged documents that might be

17     responsive to the subpoena that it might have in its possession, custody or control.

18     DATED: November 29, 2006       LUCE, FORWARD, HAMILTON & SCRIPPS LLP

20     By: _Edward P. Swan Jr._

21        Edward Patrick Swan, Jr.

        Attorneys for Scantibodies Laboratory, Inc.

23     3765035.1

EXHIBIT __2__

PAGE __6__ OF __8__

## CERTIFICATE OF SERVICE

*Church & Dwight v. Abbott Laboratories*
U.S. District Court, Southern District of California
Case No. 05-CV2142 (GEB) (Pending in the District of New Jersey)

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372.  I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen years, and am not a party to this action.

On November 30, 2006, I served the following:

**NON-PARTY SCANTIBODIES LABORATORY, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT ABBOTT LABORATORIES' SUBPOENA DUCES TECUM**

on the below parties in this action by placing a true copy (copies) thereof in a separate envelope(s), addressed as shown, for collection and mailing on the below indicated day pursuant to the ordinary business practice of this office which is that correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business:

Stephanie McCallum, Esq.
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
*Attorneys for Defendant Abbott Laboratories*

Judson L. Hand, Esq.
Proskauer Rose LLP
One Newark Center, 18th Floor
Newark, NJ 07102
*Attorneys for Church & Dwight Co., Inc.*

EXHIBIT 2
PAGE 7 OF 8

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at San Diego, California on November 30, 2006.

_Dorenne Charles_
Dorenne Charles

3763069.1

EXHIBIT  2

PAGE  8  OF  8

EXHIBIT 3

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

ABBOTT LABORATORIES et al.
Plaintiffs

### V.

CHURCH & DWIGHT CO., INC.
Defendants

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]    07-CV-3428 (MFK)
(For a case pending in the Northern District of Illinois)

TO:
Scantibodies Laboratory, Inc.
ATTN: ALLEN GARRETT, Registered Agent
9336 Abraham Way
Santee, CA 92071 USA

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| See the attached notice of deposition and Exhibit A, pursuant to Federal Rule of Civil Procedure 30(b)(6). | May 23, 2008 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule B, attached

| PLACE | DATE AND TIME |
|---|---|
| Merrill Corporation British Pacific Centre 8899 University Center Lane, Suite 200 San Diego, CA 92122 | May 12, 2008 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Stephanie S. McCallum, Esq., Attorney for Defendant Abbott Laboratories | April 25, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephanie S. McCallum, Esq., Winston & Strawn LLP, 35 W. Wacker Dr., Chicago, IL 60601    (312) 558-5600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___3___

PAGE _1_ OF _16_

AO 88  (Rev. 1/94)   Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
_____DATE               SIGNATURE OF SERVER

_____ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3) (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
     (i)  fails to allow reasonable time for compliance;
     (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
     (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
     (iv)  subjects a person to undue burden.
   (B)  If a subpoena
     (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
     (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
     (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

   (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

EXHIBIT __3__

PAGE __2__ OF __16__

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

---

|  |  |  |
|---|---|---|
|  | x |  |
| ABBOT LABORATORIES | : |  |
| and | : | Honorable Matthew Kennelly, U.S.D.J. |
| SURMODICS, INC., (involuntary plaintiff), | : |  |
|  | : | Case No. 07 CV 3428 |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| CHURCH & DWIGHT CO., INC., | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |
|  | : |  |
|  | x |  |

---

## RULE 30(b)(6) NOTICE OF DEPOSITION TO
## SCANTIBODIES LABORATORY, INC.

TO:    James Shalek
       Baldassare Vinti
       Proskauer Rose LLP
       1585 Broadway
       New York, NY 10036-8299

       Glen P. Belvis
       Anastasia Heffner
       BRINKS, HOFER, GILSON & LIONE
       NBC Tower, Suite 3600
       455 North Cityfront Plaza Drive
       Chicago, IL 60611-5599

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Abbott Laboratories, by and through its attorneys, hereby gives notice of its intention

to take the deposition of Scantibodies Laboratory, Inc. ("Scantibodies"), on Friday, May 23,

2008, commencing at 9:00 a.m. at the offices of Esquire Deposition Services, 402 W. Broadway,

San Diego, CA 92101, or at such other time and place as may be agreed to among counsel. The

deposition will be taken before a notary public or other officer authorized to administer the oath

1

EXHIBIT    3

PAGE    3    OF    16

under law, and will continue day to day until completed with adjournments as to time and place that may be necessary. The deposition may be recorded by videographic and/or stenographic means.

Abbott also announces its intention, pursuant to Rule 30(b)(6), to examine Scantibodies on the particular subject matters set forth in Exhibit A, which is attached hereto. Pursuant to Rule 30(b)(6), Scantibodies has a duty to designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf and, for each person designated, must identify the particular subject matters on which each designated person will testify.

Additionally, pursuant to Rules 30(b)(2) and 34, Scantibodies also is requested to produce at the deposition all documents requested to be identified in a Deposition Topic listed in Exhibit A, and any additional documents listed in Exhibit B attached hereto.

If counsel for Defendant has any questions regarding this Notice, you are invited to contact counsel for Plaintiff Abbott Laboratories to discuss this matter.

**Dated**: April 25, 2008          Respectfully submitted,

                                   **ABBOTT LABORATORIES**

                          By: _____
                                   One of Its Attorneys

                                   George C. Lombardi
                                   Raymond Perkins
                                   Stephanie McCallum
                                   Kevin Warner
                                   WINSTON & STRAWN LLP
                                   35 West Wacker Drive
                                   Chicago, IL 60601
                                   (312) 558-5600
                                   (312) 558-5700 - fax

                                   Attorneys for Plaintiff Abbott Laboratories

<center>2</center>

EXHIBIT 3

PAGE 4 OF 16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 25, 2008, I have caused a true and accurate copy of Abbott Laboratories' Rule 30(b)(6) Notice of Deposition To Defendant Church & Dwight Co., Inc. to be delivered by the method indicated on the following:

**BY E-MAIL AND U.S. MAIL:**
Glen P. Belvis
Anastasia Heffner
BRINKS, HOFER, GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599

**BY E-MAIL AND U.S. MAIL:**
James H. Shalek
Baldassare Vinti
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
212.969.2900 (fax)

**BY EMAIL AND U.S. MAIL**
Cyrus A. Morton
Jake M. Holdreith
Trevor J. Foster
Robins Kaplan Miller & Ciresi
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

3

EXHIBIT ___3___

PAGE __5__ OF __16__

## EXHIBIT A

### I.     DEFINITIONS

1.     "Scantibodies" or "you" or "your" shall mean Scantibodies Laboratory, Inc., as well as its predecessors, successors, subsidiaries, parent companies, agents, representatives, partners, employees, affiliates or persons purporting to act on its behalf, including, but not limited to, Church & Dwight Co., Inc., Carter-Wallace, Inc. and Armkel LLC.

2.     "C&D" or "Defendant" shall mean Church & Dwight, Co., Inc., the Defendant and Counterclaimant in this action, as well as its predecessors, successors, subsidiaries, parent companies, agents, representatives, partners, employees, affiliates or persons purporting to act on its behalf, including, but not limited to, Carter-Wallace, Inc. and Armkel LLC.

3.     "Plaintiff" or "Abbott" shall mean Abbott Laboratories, Plaintiff in this action, as well as its predecessors, successors, subsidiaries, parent companies, agents, representatives, partners, employees, affiliates or persons purporting to act on its behalf.

4.     "C&D Test Kit" shall mean any diagnostic product that is used to test for the presence and/or quantity of a ligand and was manufactured in whole or in part by Scantibodies on behalf of C&D and sold or otherwise delivered to C&D for resale, including but not limited to, any pregnancy and ovulation tests manufactured, made, used or sold by or on behalf of C&D from 1999 to the present such as the pregnancy and ovulation predictor tests sold to consumers with the label First Response, Answer or Answer Quick & Simple.

5.     "Document" shall mean any written, graphic, recorded or illustrative material of any kind or description, however produced or reproduced, and regardless of whether approved, signed, sent, received, redrafted, or executed, prepared by or for you, in your possession, custody, or control.  The term "document" includes, but is not limited to, the following: correspondence, memoranda, drafts, computerized records, notes, jottings, books, lab notebooks,

4

EXHIBIT   3

PAGE  6  OF  16

records, reports, surveys, studies, analyses, things, videotapes, recordings, computer disks, electronic mail, e-mail, transcriptions of verbal conversations or statements however made, business forms, labels, papers and films filed with courts or other governmental bodies, notices, messages, calendar and diary entries, appointment books, minutes and other formal or informal memoranda of meetings, and copies of documents that are not identical duplicates of the originals (*e.g.,* because handwritten or "blind" notes appear thereon or are attached thereto).

6.     "Thing" shall mean any physical specimen or tangible item other than a document.

7.     "Person" shall mean any natural person, firm, association, partnership, government agency, or other entity and its officers, directors, partners, employees, representatives and agents.

8.     The term "relating to" "reflecting," "referring," "relating to," or any derivation thereof shall mean, without limitation, consisting of, constituting, containing, mentioning, describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, reflecting, referring to, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

9.     "Communication" shall mean or refer to all inquires, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other forms of information exchanged, whether oral, electronic, or written. Unless the request specifically states otherwise, references to the singular shall include the plural and vice versa; references to one gender shall include the other gender; references to the past include the present and vice versa; and disjunctive terms include the conjunctive and vice versa.

<div align="center">5</div>

EXHIBIT___3___

PAGE___7___ OF ___16___

10.    If you at any time had possession or control of a document requested herein and if such document has been lost, destroyed, purged, or is not presently in your possession or control, identify the document, the date of its loss, destruction, purge or separation from your possession or control, and the circumstances surrounding its loss, destruction, purge or separation from your possession or control.

11.    Should you refuse, on the grounds of attorney-client privilege, work product immunity or any other privilege, to produce or testify about any document or tangible thing, then you shall provide at the time of making said refusal a list of all such non-produced documents or things. As to any such document or thing, state the following: the nature of the privilege or immunity being claimed; the number of the request calling for its production; the date of the document; the name of each person who signed or prepared the document; the name of each addressee and person to whom the document or copies thereof were given or sent; a description of the general subject matter of the document; an identification of any document or other material transmitted with or attached to the document; and the nature or character of the document or thing.

12.    The "SurModics Patents" shall mean U.S. Patent Nos. 5,654,162, and 6,020,147.

13.    The "'162 patent" shall mean U.S. Patent No. 5,654,162.

14.    The "'147 patent" shall mean U.S. Patent No. 6,020,147.

15.    The term "Patents-in-Suit" shall mean the SurModics Patents.

16.    The "Asserted Claims" shall mean claims 1, 7, 9, 10, 16, 17, 19, 20, 22, 28, and 29 of the '162 patent and claims 1, 5, 6, 7, 11 and 12 of the '147 patent. Discovery still is in its early stages and Abbott reserves the right to assert additional claims as it receives additional information and discovery about C&D's products.

6

EXHIBIT 3

PAGE 8 OF 16

## II.    DEPOSITION TOPICS

1.    The manufacture, location of manufacture, structure, method of operation, components, ingredients and materials of C&D Test Kit, including but not limited to, the antibodies used in each such test; the release, resuspension, or dispersion of labeled antibodies when contacted by a liquid sample; the amount of such antibodies and reagents used to manufacture the C&D Test Kits; the binding of an analyte to a labeled reagent; all immunoassay reactions, chemical reactions, antibody reactions, and analyte reactions; the application, immobilization and mobilization of antibodies on or in a test strip; the detection of a test result; and any and all internal controls for quality, function, operation or detection.

2.    The use, composition, function and properties (including binding properties) of biotin, avidin, streptavidin and/or NeutrAvidin in each C&D Test Kit, and all tests, analyses and evaluations concerning the biotin, avidin, streptavidin and/or NeutrAvidin used in the test kit.

3.    The use, composition, function and properties (including binding properties) of antibodies in each C&D Test Kit, including but not limited to antibodies designated as 2B2, B109, LH 26, 11D6-2B10, CCF01, FSH132, 057-10036, HCG5F6, 5304, and all tests, analyses and evaluations concerning any or all of those antibodies.

4.    The research, design, development, and testing of each C&D Test Kit.

5.    The identification of documents sufficient to describe the manufacture, location of manufacture, structure, method of operation, components, ingredients, nature and property of each ingredient or component used, and materials used in the manufacture and production of each C&D Test Kit.    The authenticity and business record status of any such document identified.

7

EXHIBIT ___3___

PAGE ___9___ OF ___16___

6.      Identification of documents and samples sufficient to show each model and/or version of each C&D Test Kit as used by Scantibodies. The authenticity and business record status of any document or sample identified.

7.      The circumstances by which Scantibodies became aware of the Patents-in-Suit or any related patent, patent application, or foreign counterparts, and all communications by or between Scantibodies and C&D, and/or any other third party, regarding the Patents-in-Suit, including for each patent or application, the earliest date by which Scantibodies became aware of the patent or application, any actions that Scantibodies took or that others took on behalf of Scantibodies after Scantibodies first became aware of the patent or application; and the identity of all persons who became aware of the patent or application, or took actions by or on behalf of Scantibodies after Scantibodies became aware of the patent or application, including but not limited to what actions were taken.

8.      All communications with C&D regarding, relating to and/or concerning the Patents in Suit.

9.      All attempts, efforts or actions that C&D, Scantibodies, and/or others took on its behalf to design around the claims of the Patents-in-Suit.

10.     All opinions of counsel (oral or written) requested and/or received by Scantibodies relating to the Patents-in-Suit, including who provided the opinions, when the opinions were received, to whom the opinions were given, the substance of the opinions, and any actions C&D took as a result of those opinions.

11.     Scantibodies's knowledge of, possession of, study of, testing of, and other activities related to any test kit sold by Abbott Laboratories used to diagnose pregnancy.

12.     For C&D Test Kits manufactured by Scantibodies in whole or in part and sold or otherwise delivered to C&D from 1999 to the present, the number of units sold on a monthly and

8

EXHIBIT____3____

PAGE____10____OF____16____

annual basis, total sales figures, including gross sales income on a monthly and annual basis, the costs associated with the sales, including any amounts paid as royalties or licensing fees, the amount of profits attributable to the sales, and how profit related to those sales is calculated.

13.     The identification of documents sufficient to show the information requested in Request No. 12 and the authenticity and business record status of such documents.

14.     Any agreement between C&D and Scantibodies regarding indemnification in connection with third party patent for the manufacture and/or sale of the C&D test Kits, including but not limited to communications between C&D and Scantibodies concerning any such agreement.

9

EXHIBIT___3___

PAGE___11___OF_16___

**SCHEDULE B**

**Definitions and Instructions**

1.    "Scantibodies" or "you" or "your" shall mean Scantibodies Laboratory, Inc., as well as its predecessors, successors, subsidiaries, parent companies, agents, representatives, partners, employees, affiliates or persons purporting to act on its behalf, including, but not limited to, Church & Dwight Co., Inc., Carter-Wallace, Inc. and Armkel LLC.

2.    "C&D" or "Defendant" shall mean Church & Dwight, Co., Inc., the Defendant and Counterclaimant in this action, as well as its predecessors, successors, subsidiaries, parent companies, agents, representatives, partners, employees, affiliates or persons purporting to act on its behalf, including, but not limited to, Carter-Wallace, Inc. and Armkel LLC.

3.    "Plaintiff" or "Abbott" shall mean Abbott Laboratories, Plaintiff in this action, as well as its predecessors, successors, subsidiaries, parent companies, agents, representatives, partners, employees, affiliates or persons purporting to act on its behalf.

4.    "C&D Test Kit" shall mean any diagnostic product that is used to test for the presence and/or quantity of a ligand and was manufactured in whole or in part by Scantibodies on behalf of C&D and sold or otherwise delivered to C&D for resale, including but not limited to, any pregnancy and ovulation tests manufactured, made, used or sold by or on behalf of C&D from 1999 to the present such as the pregnancy and ovulation predictor tests sold with the label First Response, Answer or Answer Quick & Simple.

5.    "Document" shall mean any written, graphic, recorded or illustrative material of any kind or description, however produced or reproduced, and regardless of whether approved, signed, sent, received, redrafted, or executed, prepared by or for you, in your possession, custody, or control.  The term "document" includes, but is not limited to, the following:

1

EXHIBIT____3____

PAGE__12__ OF __16__

correspondence, memoranda, drafts, computerized records, notes, jottings, books, lab notebooks, records, reports, surveys, studies, analyses, things, videotapes, recordings, computer disks, electronic mail, e-mail, transcriptions of verbal conversations or statements however made, business forms, labels, papers and films filed with courts or other governmental bodies, notices, messages, calendar and diary entries, appointment books, minutes and other formal or informal memoranda of meetings, and copies of documents that are not identical duplicates of the originals (*e.g.*, because handwritten or "blind" notes appear thereon or are attached thereto).

6.    "Thing" shall mean any physical specimen or tangible item other than a document.

7.    "Person" shall mean any natural person, firm, association, partnership, government agency, or other entity and its officers, directors, partners, employees, representatives and agents.

8.    The term "relating to" "reflecting," "referring," "relating to," or any derivation thereof shall mean, without limitation, consisting of, constituting, containing, mentioning, describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, reflecting, referring to, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

9.    "Communication" shall mean or refer to all inquires, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other forms of information exchanged, whether oral, electronic, or written. Unless the request specifically states otherwise, references to the singular shall include the plural and vice versa; references to one gender shall include the other gender; references to the past include the present and vice versa; and disjunctive terms include the conjunctive and vice versa.

2

EXHIBIT____3____

PAGE__13__ OF __16__

10. If you at any time had possession or control of a document requested herein and if such document has been lost, destroyed, purged, or is not presently in your possession or control, identify the document, the date of its loss, destruction, purge or separation from your possession or control, and the circumstances surrounding its loss, destruction, purge or separation from your possession or control.

11. Should you refuse, on the grounds of attorney-client privilege, work product immunity or any other privilege, to produce any document or tangible thing, then you shall provide at the time of making said refusal a list of all such non-produced documents or things. As to any such document or thing, state the following: the nature of the privilege or immunity being claimed; the number of the request calling for its production; the date of the document; the name of each person who signed or prepared the document; the name of each addressee and person to whom the document or copies thereof were given or sent; a description of the general subject matter of the document; an identification of any document or other material transmitted with or attached to the document; and the nature or character of the document or thing.

12. The "SurModics Patents" shall mean U.S. Patent Nos. 5,654,162, and 6,020,147.

13. The "'162 patent" shall mean U.S. Patent No. 5,654,162.

14. The "'147 patent" shall mean U.S. Patent No. 6,020,147.

15. The term "Patents-in-Suit" shall mean the SurModics Patents.

16. The "Asserted Claims" shall mean claims 1, 7, 9, 10, 16, 17, 19, 20, 22, 28, and 29 of the '162 patent and claims 1, 5, 6, 7, 11 and 12 of the '147 patent. Discovery still is in its early stages and Abbott reserves the right to assert additional claims as it receives additional information and discovery about C&D's products.

3

EXHIBIT  3

PAGE  14  OF  16

## **List of Documents**

1.    All documents and things relating to any agreements between Scantibodies and C&D and/or any other party relating to the manufacture of any C&D Test Kit, including but not limited to any such agreements themselves.

2.    All documents and things relating to any obligation by Scantibodies to indemnify or otherwise reimburse or contribute to payment by C&D of any damages awarded to Abbott as a result of C&D's alleged infringement of the Patents-In-Suit.

3.    All documents and things relating to any obligation by C&D to indemnify or otherwise reimburse or contribute to payment by Scantibodies of any damages awarded to Abbott as a result of C&D's alleged infringement of the Patents-In-Suit.

4.    All communications between Scantibodies and C&D relating to the decision to enter into, or to forgo, any agreement relating to the manufacture of any C&D Test Kit.

5.    All communications between Scantibodies and C&D relating to the manufacture of any C&D Test Kit.

6.    All documents relating to materials, ingredients or components used in the manufacture of any C&D Test Kit.

7.    All documents relating to the manufacture by Scantibodies of any C&D Test Kit, including manufacturing processes, manufacturing specifications, raw materials specifications, and engineering drawings.

8.    All documents relating to the design and development of any C&D Test Kit.

9.    All documents and things relating to and/or referring to any antibody used in the C&D Test Kit including but not limited to 11D6-2B10, CCF01, FSH132, 057-10036, HCG5F6, 2B2, B109, LH 26 and 5304.

10.    Samples of each of the antibodies used in the C&D test kits from 1999 to the present, including but not limited to 11D6-2B10, CCF01, FSH132, 057-10036, HCG5F6, 2B2, B109, LH 26 and 5304.

11.    All tests, analyses, evaluations and/or documents referring to, relating to and/or performed with each of the antibodies used in the C&D Test Kits, including but not limited to 11D6-2B10, CCF01, FSH132, 057-10036, HCG5F6, 2B2, B109, LH 26 and 5304.

12.    All documents and things relating to and/or referring to the binding capabilities of each of the antibodies used in the C&D Test Kits, including but not limited to 11D6-2B10, CCF01, FSH132, 057-10036, HCG5F6, 2B2, B109, LH 26 and 5304.

13.    Samples of the streptavidin, avidin and/or NeutrAvidin used in the C&D Test Kits.

4

EXHIBIT____3____

PAGE __15__ OF __16__

14.    All documents and things relating to and/or referring to the streptavidin, avidin and/or NeutrAvidin used in the C&D Test Kits.

15.    All tests, analysis, evaluations and/or documents referring to, relating to and/or performed with the streptavidin, avidin and/or NeutrAvidin used in the C&D Test Kits.

16.    All documents and things relating to and/or referring to the binding capabilities of the streptavidin, avidin and/or NeutrAvidin used in the C&D Test Kits.

17.    All documents and things relating to the amount of each of the antibodies used in the C&D Test Kits, including but not limited to 11D6-2B10, CCF01, FSH132, 057-10036, HCG5F6, 2B2, B109, LH 26 and 5304.

18.    All documents and things relating to the amount of streptavidin, avidin and/or NeutrAvidin used in the C&D Test Kits.

5

EXHIBIT   3

PAGE   16   OF   16

# EXHIBIT 4

1 | Edward Patrick Swan, Jr., State Bar No. 089429
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2 | 600 West Broadway, Suite 2600
San Diego, California 92101-3372
3 | Telephone No.: 619.699.2415
Fax No.: 619.645.5321
4 |

5 | Attorneys for Non-Party Scantibodies Laboratory, Inc.

6 |

7 |

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 |

11 | ABBOTT LABORATORIES,

12 |      Plaintiff,

13 | v.

14 | CHURCH & DWIGHT CO., INC.,

15 |      Defendant.

16 |

Case No. 07-CV-3428 (MFK)
(Pending in the Northern District of Illinois)

**NON-PARTY SCANTIBODIES
LABORATORY, INC.'S RESPONSES
AND OBJECTIONS TO PLAINTIFF
ABBOTT LABORATORIES' SUBPOENA
DUCES TECUM**

17 |     Non-party Scantibodies Laboratory, Inc. ("Scantibodies") hereby responds and objects to

18 | plaintiff Abbott Laboratories' ("Abbott") subpoena duces tecum dated April 25, 2008 (the

19 | "Subpoena") as follows:

20 |                              **GENERAL OBJECTIONS**

21 |     1.     Scantibodies objects that the Subpoena seeks a broad range of documents that

22 | Scantibodies believes is largely in the possession of defendant Church & Dwight Co., Inc. and is

23 | the subject of pending discovery requests by Abbott of Church & Dwight Co., Inc.  Abbott is

24 | required to seek the documents first from Church & Dwight Co., Inc., and only pursue them from

25 | Scantibodies, a non-party, if it has exhausted all attempts to secure them from Church & Dwight

26 | Co., Inc.  Accordingly, the Subpoena is premature and objectionable.

27 |     2.     Scantibodies objects to the Subpoena, including the "Definitions and Instructions"

28 | set forth in Schedule B thereto, to the extent it purports to impose burdens, obligations or

EXHIBIT____4____

PAGE__1__ OF __13__

1                    Case No. 07-CV-3428 (MFK)

1  requirements on Scantibodies that are inconsistent with, or exceed the scope of, permissible

2  discovery under the Federal Rules of Civil Procedure.

3        3.      Scantibodies objects to the "Definitions and Instructions" set forth in Schedule B to

4  the extent they collectively fail to describe the information requested with reasonable particularity

5  and attempt to impose obligations on Scantibodies that are not required by, or consistent with, the

6  Federal Rules of Civil Procedure.

7        4.      Scantibodies objects to the "List of Documents" set forth in Schedule B (the

8  "Requests") to the extent they seek the production of documents that disclose any information,

9  materials or communications protected from disclosure by the attorney-client privilege or any

10  other applicable privileges.

11        5.      Scantibodies objects to the Requests to the extent they seek the production of

12  documents containing confidential or proprietary business information.

13        6.      Scantibodies objects to the Requests to the extent they seek the production of

14  documents that are not within its possession, custody or control.

15        7.      Scantibodies objects to the Requests to the extent they seek the production of

16  documents that are already in the possession, custody or control of Abbott, or that are as equally

17  accessible to Abbott as they are to Scantibodies.

18        8.      Scantibodies objects to the Requests to the extent they seek the production of

19  documents that are not relevant or reasonably calculated to lead to the discovery of admissible

20  evidence.

21        9.      Scantibodies objects to the Requests to the extent they are unlimited in scope

22  and/or time, or pertain to a period of time that is not relevant to the underlying action.

23        10.    Scantibodies objects to the Requests to the extent they seek documents that were

24  not prepared, reviewed, sent or received by Scantibodies, and that have no connection to

25  Scantibodies or its business.

26  / / /

27  / / /

28  / / /

EXHIBIT___4___

PAGE___2___ OF _13_

2

11.    Scantibodies' responses are submitted without waiving, and while specifically preserving: (a) all objections as to the competency, relevancy, materiality and admissibility of the responses or the documents produced; (b) all objections to any demand for additional production of documents; (c) the right at any time to amend or supplement the responses; and (d) the right to move to quash or modify the Subpoena, or to otherwise seek appropriate relief with regard to the Subpoena.

12.    Scantibodies incorporates each of the foregoing General Objections into the following Specific Responses and Objections as if fully set forth, and specifically reserves any and all objections to the Subpoena.

### SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

All documents and things relating to any agreements between Scantibodies and C&D and/or any other party relating to the manufacture of any C&D Test Kit, including but not limited to any such agreements themselves.

**RESPONSE TO REQUEST NO. 1:**

Scantibodies objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, seeks production of documents that contain confidential or proprietary business information, are protected by the attorney-client or work product protection, and are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Unless and until Abbott is unable to obtain the requested documents from plaintiff Church & Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the undue burden and expense of locating and producing any non-privileged documents that might be responsive to this Request that it might have in its possession, custody or control.

**REQUEST NO. 2:**

All documents and things relating to any obligation by Scantibodies to indemnify or otherwise reimburse or contribute to payment by C&D of any damages awarded to Abbott as a result of C&D's alleged infringement of the Patents-In-Suit.

EXHIBIT ___4___

PAGE __3__ OF _13_

/ / /

3                Case No. 07-CV-3428 (MFK)

1  **RESPONSE TO REQUEST NO. 2:**

2    Scantibodies objects to this Request on the grounds that it is overbroad, unduly

3  burdensome, vague and ambiguous, seeks production of documents that contain confidential or

4  proprietary business information, are protected by the attorney-client or work product protection,

5  and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

6  Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

7  Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

8  undue burden and expense of locating and producing any non-privileged documents that might be

9  responsive to this Request that it might have in its possession, custody or control.

10  **REQUEST NO. 3:**

11    All documents and things relating to any obligation by C&D to indemnify or otherwise

12  reimburse or contribute to payment by Scantibodies of any damages awarded to Abbott as a result

13  of C&D's alleged infringement of the Patents-in-Suit.

14  **RESPONSE TO REQUEST NO. 3:**

15    Scantibodies objects to this Request on the grounds that it is overbroad, unduly

16  burdensome, vague and ambiguous, seeks production of documents that contain confidential or

17  proprietary business information, are protected by the attorney-client or work product protection,

18  and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

19  Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

20  Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

21  undue burden and expense of locating and producing any non-privileged documents that might be

22  responsive to this Request that it might have in its possession, custody or control.

23  **REQUEST NO. 4:**

24    All communications between Scantibodies and C&D relating to the decision to enter into,

25  or to forgo, any agreement relating to the manufacture of any C&D Test Kit. EXHIBIT____4____

26  **RESPONSE TO REQUEST NO. 4:**      PAGE____4____ OF _13_

27    Scantibodies objects to this Request on the grounds that it is overbroad, unduly

28  burdensome, vague and ambiguous, seeks production of documents that contain confidential or

      Case No. 07-CV-3428 (MFK)

1  proprietary business information, are protected by the attorney-client or work product protection,

2  and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

3  Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

4  Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

5  undue burden and expense of locating and producing any non-privileged documents that might be

6  responsive to this Request that it might have in its possession, custody or control.

7  **REQUEST NO. 5:**

8      All communications between Scantibodies and C&D relating to the manufacture of any

9  C&D Test Kit.

10 **RESPONSE TO REQUEST NO. 5:**

11     Scantibodies objects to this Request on the grounds that it is overbroad, unduly

12 burdensome, vague and ambiguous, seeks production of documents that contain confidential or

13 proprietary business information, are protected by the attorney-client or work product protection,

14 and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

15 Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

16 Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

17 undue burden and expense of locating and producing any non-privileged documents that might be

18 responsive to this Request that it might have in its possession, custody or control.

19 **REQUEST NO. 6:**

20     All documents relating to materials, ingredients or components used in the manufacture of

21 any C&D Test Kit.

22 **RESPONSE TO REQUEST NO. 6:**

EXHIBIT ___4___

PAGE ___5___ OF _13_

23     Scantibodies objects to this Request on the grounds that it is overbroad, unduly

24 burdensome, vague and ambiguous, seeks production of documents that contain confidential or

25 proprietary business information, are protected by the attorney-client or work product protection,

26 and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

27 Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

28 Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

Case No. 07-CV-3428 (MFK)

1    undue burden and expense of locating and producing any non-privileged documents that might be

2    responsive to this Request that it might have in its possession, custody or control.

3    **REQUEST NO. 7:**

4         All documents relating to the manufacture by Scantibodies of any C&D Test Kit, including

5    manufacturing processes, manufacturing specifications, raw materials specifications, and

6    engineering drawings.

7    **RESPONSE TO REQUEST NO. 7:**

8         Scantibodies objects to this Request on the grounds that it is overbroad, unduly

9    burdensome, vague and ambiguous, seeks production of documents that contain confidential or

10   proprietary business information, are protected by the attorney-client or work product protection,

11   and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

12   Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

13   Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

14   undue burden and expense of locating and producing any non-privileged documents that might be

15   responsive to this Request that it might have in its possession, custody or control.

16   **REQUEST NO. 8:**

17        All documents relating to the design and development of any C&D Test Kit.

18   **RESPONSE TO REQUEST NO. 8:**

19        Scantibodies objects to this Request on the grounds that it is overbroad, unduly

20   burdensome, vague and ambiguous, seeks production of documents that contain confidential or

21   proprietary business information, are protected by the attorney-client or work product protection,

22   and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

23   Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

24   Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

25   undue burden and expense of locating and producing any non-privileged documents that might be

26   responsive to this Request that it might have in its possession, custody or control.

27   ///

28   ///

EXHIBIT   4

PAGE   6   OF   13

6

Case No. 07-CV-3428 (MFK)

1  **REQUEST NO. 9:**

2      All documents and things relating to and/or referring to any antibody used in the C&D Test

3  Kit including but not limited to 11D6-2B10, CCF01, FSH132, 057-10036, HCG5F6, 2B2, B109,

4  LH 26 and 5304.

5  **RESPONSE TO REQUEST NO. 9:**

6      Scantibodies objects to this Request on the grounds that it is overbroad, unduly

7  burdensome, vague and ambiguous, seeks production of documents that contain confidential or

8  proprietary business information, are protected by the attorney-client or work product protection,

9  and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

10  Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

11  Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

12  undue burden and expense of locating and producing any non-privileged documents that might be

13  responsive to this Request that it might have in its possession, custody or control.

14  **REQUEST NO. 10:**

15      Samples of each of the antibodies used in the C&D test kits from 1999 to the present,

16  including but not limited to 11D6-2B10, CCF01, FSH132, 057-10036, HCG5F6, 2B2, B109,

17  LH 26 and 5304.

18  **RESPONSE TO REQUEST NO. 10:**

19      Scantibodies objects to this Request on the grounds that it is overbroad, unduly

20  burdensome, vague and ambiguous, seeks production of materials that contain or are confidential

21  or proprietary business information, and are not relevant or reasonably calculated to lead to the

22  discovery of admissible evidence.  Unless and until Abbott is unable to obtain the requested

23  documents from plaintiff Church & Dwight Co., Inc. through discovery in the underlying case,

24  Scantibodies objects to being put to the undue burden and expense of locating and producing any

25  non-privileged documents that might be responsive to this Request that it might have in its

26  possession, custody or control.

EXHIBIT ___4___

27  / / /

PAGE ___7___ OF ___13___

28  / / /

Case No. 07-CV-3428 (MFK)

1  **REQUEST NO. 11:**

2      All tests, analyses, evaluations and/or documents referring to, relating to and/or performed

3  with each of the antibodies used in the C&D Test Kits, including but not limited to 11D6-2B10,

4  CCF01, FSH132, 057-10036, HCG5F6, 2B2, B109, LH 26 and 5304.

5  **RESPONSE TO REQUEST NO. 11:**

6      Scantibodies objects to this Request on the grounds that it is overbroad, unduly

7  burdensome, vague and ambiguous, seeks production of documents that contain confidential or

8  proprietary business information, are protected by the attorney-client or work product protection,

9  and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

10  Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

11  Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

12  undue burden and expense of locating and producing any non-privileged documents that might be

13  responsive to this Request that it might have in its possession, custody or control.

14  **REQUEST NO. 12:**

15      All documents and things relating to and/or referring to the binding capabilities of each of

16  the antibodies used in the C&D Test Kits, including but not limited to 11D6-2B10, CCF01,

17  FSH132, 057-10036, HCG5F6, 2B2, B109, LH 26 and 5304.

18  **RESPONSE TO REQUEST NO. 12:**

19      Scantibodies objects to this Request on the grounds that it is overbroad, unduly

20  burdensome, vague and ambiguous, seeks production of materials that contain or are confidential

21  or proprietary business information, and are not relevant or reasonably calculated to lead to the

22  discovery of admissible evidence.  Unless and until Abbott is unable to obtain the requested

23  documents from plaintiff Church & Dwight Co., Inc. through discovery in the underlying case,

24  Scantibodies objects to being put to the undue burden and expense of locating and producing any

25  non-privileged documents that might be responsive to this Request that it might have in its

26  possession, custody or control.

27  / / /

28  / / /

EXHIBIT  4

PAGE  8  OF  13

Case No. 07-CV-3428 (MFK)

1    **REQUEST NO. 13:**

2         Samples of the streptavidin, avidin and/or NeutrAvidin used in the C&D Test Kits.

3    **RESPONSE TO REQUEST NO. 13:**

4         Scantibodies objects to this Request on the grounds that it is overbroad, unduly

5    burdensome, vague and ambiguous, seeks production of documents that contain confidential or

6    proprietary business information, are protected by the attorney-client or work product protection,

7    and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

8    Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

9    Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

10   undue burden and expense of locating and producing any non-privileged documents that might be

11   responsive to this Request that it might have in its possession, custody or control.

12   **REQUEST NO. 14:**

13        All documents and things relating to and/or referring to the streptavidin, avidin and/or

14   NeutrAvidin used in the C&D Test Kits.

15   **RESPONSE TO REQUEST NO. 14:**

16        Scantibodies objects to this Request on the grounds that it is overbroad, unduly

17   burdensome, vague and ambiguous, seeks production of documents that contain confidential or

18   proprietary business information, are protected by the attorney-client or work product protection,

19   and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

20   Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

21   Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

22   undue burden and expense of locating and producing any non-privileged documents that might be

23   responsive to this Request that it might have in its possession, custody or control.

24   **REQUEST NO. 15:**

25        All tests, analysis, evaluations and/or documents referring to, relating to and/or performed

26   with the streptavidin, avidin and/or NeutrAvidin used in the C&D Test Kits.

27   / / /                                    EXHIBIT____4____

28   / / /                                    PAGE__9__ OF __13__

                              9                Case No. 07-CV-3428 (MFK)

1  **RESPONSE TO REQUEST NO. 15:**

2      Scantibodies objects to this Request on the grounds that it is overbroad, unduly

3  burdensome, vague and ambiguous, seeks production of documents that contain confidential or

4  proprietary business information, are protected by the attorney-client or work product protection,

5  and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

6  Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

7  Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

8  undue burden and expense of locating and producing any non-privileged documents that might be

9  responsive to this Request that it might have in its possession, custody or control.

10 **REQUEST NO. 16:**

11     All documents and things relating to and/or referring to the binding capabilities of the

12 streptavidin, avidin and/or NeutrAvidin used in the C&D Test Kits.

13 **RESPONSE TO REQUEST NO. 16:**

14     Scantibodies objects to this Request on the grounds that it is overbroad, unduly

15 burdensome, vague and ambiguous, seeks production of documents that contain confidential or

16 proprietary business information, are protected by the attorney-client or work product protection,

17 and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

18 Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

19 Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

20 undue burden and expense of locating and producing any non-privileged documents that might be

21 responsive to this Request that it might have in its possession, custody or control.

22 **REQUEST NO. 17:**

23     All documents and things relating to the amount of each of the antibodies used in the C&D

24 Test Kits, including but not limited to 11D6-2B10, CCF01, FSH132, 057-10036, HCG5F6, 2B2,

25 B109, LH 26 and 5304.          EXHIBIT ___4___

26 **RESPONSE TO REQUEST NO. 17:**      PAGE__10__ OF _13_

27     Scantibodies objects to this Request on the grounds that it is overbroad, unduly

28 burdensome, vague and ambiguous, seeks production of documents that contain confidential or

Case No. 07-CV-3428 (MFK)

1   proprietary business information, are protected by the attorney-client or work product protection,

2   and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

3   Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

4   Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

5   undue burden and expense of locating and producing any non-privileged documents that might be

6   responsive to this Request that it might have in its possession, custody or control.

7   **REQUEST NO. 18:**

8       All documents and things relating to the amount of streptavidin, avidin and/or NeutrAvidin

9   used in the C&D Test Kits.

10  **RESPONSE TO REQUEST NO. 18:**

11      Scantibodies objects to this Request on the grounds that it is overbroad, unduly

12  burdensome, vague and ambiguous, seeks production of documents that contain confidential or

13  proprietary business information, are protected by the attorney-client or work product protection,

14  and are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

15  Unless and until Abbott is unable to obtain the requested documents from plaintiff Church &

16  Dwight Co., Inc. through discovery in the underlying case, Scantibodies objects to being put to the

17  undue burden and expense of locating and producing any non-privileged documents that might be

18  responsive to this Request that it might have in its possession, custody or control.

19

20  DATED: May 16, 2008                    LUCE, FORWARD, HAMILTON & SCRIPPS LLP

21

22                                         By: _____

23                                         Edward Patrick Swan, Jr.
                                           Attorneys for Scantibodies Laboratory, Inc.

24  101092466.1

25
                                           EXHIBIT____4____

26
                                           PAGE__11__ OF__13__

27

28

                                11                    Case No. 07-CV-3428 (MFK)

## CERTIFICATE OF SERVICE

*Abbott Laboratories v. Church & Dwight Co., Inc.*
U.S. District Court, Southern District of California
Case No. 07-CV-3428 (MFK) (Pending in the Northern District of Illinois)

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen years, and am not a party to this action.

On May 20, 2008, I served the following:

**NON-PARTY SCANTIBODIES LABORATORY, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF ABBOTT LABORATORIES' SUBPOENA DUCES TECUM**

on the below parties in this action by placing a true copy (copies) thereof in a separate envelope(s), addressed as shown, for collection and mailing on the below indicated day pursuant to the ordinary business practice of this office which is that correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business:

Stephanie McCallum, Esq.
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
*Attorneys for Abbott Laboratories*

Baldo Vinti, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299
*Attorneys for Church & Dwight Co., Inc.*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at San Diego, California on May 20, 2008.

_Dorenne Charles_
Dorenne Charles

101094881.1

EXHIBIT  4

PAGE  13  OF  13

# EXHIBIT 5

# PROSKAUER ROSE LLP

1585 Broadway
New York, NY  10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
CHICAGO
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

**Baldassare Vinti**
Senior Counsel

Direct Dial 212.969.3249
bvinti@proskauer.com

June 10, 2008

**By Electronic and U.S. Mail**

Stephanie McCallum, Esq.
Kevin E. Warner, Esq.
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, Illinois  60601-9703

Re:     **Abbott Laboratories and SurModics, Inc. v. Church & Dwight Co., Inc.**
        **Case No. 07-CV-3428 (MFK)(NRN)**

Dear Stephanie and Kevin:

I write with respect to the shipment of the samples requested by Abbott Laboratories' Second Set of Document Requests.  In order to maintain the integrity of the samples, the samples need to be sent in a frozen state.  We advise sending them directly to an outside laboratory designated by Abbott Laboratories to avoid any spoilage.  Please let me know the name and address of the outside laboratory to which to send the samples.  Because Church & Dwight Co., Inc. designates the samples as Confidential Level II, please provide us with the signed undertaking (Exhibit A to the Protective Order) of the outside laboratory.

Please contact me with any questions.

Very truly yours,

*Baldo*

Baldassare Vinti

cc:     Edward P. Swan, Esq.

EXHIBIT 5

PAGE 1 OF 1

EXHIBIT 6

**Swan, Pat**

---

**From:**     Swan, Pat
**Sent:**      Thursday, July 24, 2008 10:44 AM
**To:**        'Warner, Kevin E.'
**Cc:**        Swan, Pat
**Subject:**   RE: Abbott Labs. v. Church & Dwight - subpoena

**Dear Kevin,**

**I called and left you a message to call me back.**

**As I understand it, the only documents you are seeking from SLI are those described in no. 11 of the List of Documents attached to the subpoena. Unfortunately, there is no time limitation in no. 11, making it overbroad, burdensome and oppressive. We will produce responsive documents, but we need to have an agreed-upon time limitation. The description in no. 11 is also overbroad. Based on our communications, I understand that the request seeks documents relating to the testing of the antibodies. Your e-mail below also mentions certifications, which is not in no. 11. I would appreciate it if you would clarify what you are requesting.**

**Thanks, Pat**

---

**From:** Warner, Kevin E. [mailto:KWarner@winston.com]
**Sent:** Monday, July 21, 2008 8:31 PM
**To:** Swan, Pat
**Cc:** McCallum, Stephanie S.; Perkins, Ray; Warner, Kevin E.
**Subject:** RE: Abbott Labs. v. Church & Dwight - subpoena

Pat-
I have not received any response to the below e-mail, or to my voice mail of last week regarding the same.

Please immediately identify the witness(es) Scantibodies will present for deposition, and provide all available dates in August for that deposition. We request that information by Thursday, July 24. Please also immediately produce all documents we have previously discussed, including but not limited to all documents related to testing and certification of the reagents used in the accused products manufactured for Church & Dwight. We ask that you provide those documents to us no later than Friday, July 25th. If you do not intend to meet those deadlines, please advise us of your availability on Thursday, July 24, for a meet and confer conference regarding these issues.

We look forward to your response, and please do not hesitate to contact me with any questions.

Regards,
Kevin

**Kevin E. Warner**

EXHIBIT __6__

PAGE __1__ OF __2__

9/5/2008

**Associate**

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
T: +1 (312) 558-5600
F: +1 (312) 558-5700

email | www.winston.com



---

**From:** Warner, Kevin E.
**Sent:** Monday, June 23, 2008 5:00 PM
**To:** 'pswan@luce.com'
**Cc:** McCallum, Stephanie S.
**Subject:** Abbott Labs. v. Church & Dwight - subpoena

Pat -

I am writing to follow up on our previous conversation and my voice mail from last week regarding Scantibodies' response to the subpoena served by Abbott in this matter. With respect to the requested documents, please promptly provide a date certain prior to July 3 on which Abbott can expect to receive all responsive documents from Scantibodies. With respect to the subpoenaed deposition, please promptly identify which person or persons Scantibodies will designate to testify, and provide dates available for a deposition to take place prior to July 16.

Feel free to contact me if you have any questions.

Regards,
Kevin

**Kevin E. Warner**
**Associate**

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
T: +1 (312) 558-5852
F: +1 (312) 558-5700

bio | vcard | email | www.winston.com



The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*********************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

EXHIBIT __6__

PAGE __2__ OF __2__

9/5/2008

EXHIBIT 7

**Swan, Pat**

| | |
|---|---|
| **From:** | Warner, Kevin E. [KWarner@winston.com] |
| **Sent:** | Friday, August 01, 2008 4:20 PM |
| **To:** | Swan, Pat |
| **Cc:** | McCallum, Stephanie S.; Warner, Kevin E. |
| **Subject:** | Abbott Laboratories et al. v. Church & Dwight, 07-3428 |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |
| **Attachments:** | Subpoena.pdf |

Pat -
Please let me know by close of business on Monday, August 4, whether you can and will accept service of the attached subpoena to Scantibodies Laboratory. We will have the subpoena served directly if we do not hear from you by then.

I will contact you Monday to discuss the outstanding document and deposition requests associated with the previous subpoena served on Scantibodies in this case.

Regards,
Kevin

**Kevin E. Warner**
**Associate**

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
T: +1 (312) 558-5600
F: +1 (312) 558-5700

email | www.winston.com



WINSTON
&STRAWN
LLP

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

EXHIBIT____7____

PAGE___1___OF_6___

## Issued by the
# UNITED STATES DISTRICT COURT

### Southern District of California

Abbott Laboratories and SurModics, Inc.

V.

Church & Dwight Co., Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   1:07-cv-03428 (MFK) (N.D. Ill.)

TO:   Scantibodies Laboratory, Inc.
       9336 Abraham Way
       San Diego, CA 92121-2904

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A, attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☑  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES        See Schedule A, attached | DATE AND TIME   8/22/2008 9:00 am |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)        Attorney for Plaintiffs Abbott Laboratories and SurModics, Inc. | DATE   8/1/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kevin E. Warner, Esq., Winston & Strawn LLP, 35 West Wacker Dr., Chicago, IL 60601
(312) 558-5600

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT    7

PAGE    2    OF    6

AO 88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                            SIGNATURE OF SERVER

                                                         _____
                                                         ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
   (2) Command to Produce Materials or Permit Inspection.
      (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
   (3) Quashing or Modifying a Subpoena.
      (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information;
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
         (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
      (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
      (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
      (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
      (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
   The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT ___7___

PAGE __3__ OF _6_

## SCHEDULE A

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

---

ABBOTT LABORATORIES
and
SURMODICS, INC., (involuntary plaintiff),

            Plaintiffs,

v.

CHURCH & DWIGHT CO., INC.,

            Defendant.

x
:
:
:   Honorable Matthew Kennelly, U.S.D.J.
:
:   Case No. 07 CV 3428
:
:
:
:
:
:
:
:
:
:
:
:
:
x

---

### PLAINTIFF ABBOTT LABORATORIES' RULE 34 REQUEST TO THIRD PARTY SCANTIBODIES TO PERMIT ENTRY AND INSPECTION OF SCANTIBODIES' PREMISES

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Plaintiff Abbott Laboratories ("Abbott") requests that third-party Scantibodies Laboratory, Inc. ("Scantibodies") permit Abbott to enter Scantibodies' (a) production plant or facilities; (b) manufacturing plant or facilities; (c) assembly plant or facilities; and/or (d) quality control and assurance plant or facilities, wherever located but including at least at 9336 Abraham Way, Santee, California 92071, for the purpose of inspecting, photographing and videotaping premises, objects, product, equipment and operations that concern the production, manufacture and/or assembly of any test for the diagnosis of pregnancy or ovulation for or on behalf of Church & Dwight Co., Inc., or any component part thereof ("C&D Test Kits").

-1-

EXHIBIT ___7___

PAGE ___4___ OF ___6___

Inspecting, photographing and/or videotaping of the designated plant, facilities or other premises, shall commence at 9:00 a.m. on August 22, 2008, and shall continue until completed. Inspection of the designated plant, facilities and/or other premises shall be during an actual production run or runs of commercial batches of C&D Test Kits for the detection of pregnancy and ovulation. The requested inspection may be conducted by counsel for Abbott, a videographer, photographer and one or more experts.

Dated: August 1, 2008

Respectfully Submitted,

ABBOTT LABORATORIES

By: _____

One of its Attorneys

George C. Lombardi
Raymond Perkins
Stephanie McCallum
Kevin E. Warner
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

Attorneys for Plaintiff Abbott Laboratories

EXHIBIT ___7___

-2-

PAGE __5__ OF _6_

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the following document:

PLAINTIFF ABBOTT LABORATORIES' RULE 34 REQUEST TO THIRD PARTY SCANTIBODIES TO PERMIT ENTRY AND INSPECTION OF SCANTIBODIES' PREMISES

was served on August 1, 2008, by the method indicated:

> **BY EMAIL AND U.S. MAIL:**
> Anastasia Heffner
> Glen Belvis
> BRINKS, HOFER, GILSON & LIONE
> NBC Tower, Suite 3600
> 455 North Cityfront Plaza Drive
> Chicago, IL 60611-5599
>
> **BY EMAIL AND U.S. MAIL**
> James H. Shalek
> Baldassare Vinti
> John Stellabotte
> Steven Hollinstat
> PROSKAUER ROSE LLP
> 1585 Broadway
> New York, NY 10036-8299
> 212.969.2900 (fax)
>
> **BY EMAIL AND U.S. MAIL**
> Cyrus A. Morton
> Trevor J. Foster
> 2800 LaSalle Plaza
> 800 LaSalle Avenue
> Minneapolis, MN 55402

> _____/s/ Kevin E. Warner___
> Kevin E. Warner

-3-

EXHIBIT __7__

PAGE __6__ OF __6__

# EXHIBIT 8

**Swan, Pat**

---

**From:**      Swan, Pat
**Sent:**      Monday, August 04, 2008 8:27 AM
**To:**        'Warner, Kevin E.'
**Cc:**        'McCallum, Stephanie S.'; Swan, Pat
**Subject:**   RE: Abbott Laboratories et al. v. Church & Dwight, 07-3428

**Dear Kevin,**

**I can accept service of the new subpoena to SLI.**

**I have never heard back from you in response to my July 24, 2008 e-mail regarding the first subpoena.  The text of that e-mail stated:**

**"I called and left you a message to call me back.**

**As I understand it, the only documents you are seeking from SLI are those described in no. 11 of the List of Documents attached to the subpoena.  Unfortunately, there is no time limitation in no. 11, making it overbroad, burdensome and oppressive.  We will produce responsive documents, but we need to have an agreed-upon time limitation. The description in no. 11 is also overbroad.  Based on our communications, I understand that the request seeks documents relating to the testing of the antibodies. Your e-mail below also mentions certifications, which is not in no. 11.  I would appreciate it if you would clarify what you are requesting."**

**I would appreciate it if you would let me know.**

**Yours, Pat**

---

**From:** Warner, Kevin E. [mailto:KWarner@winston.com]
**Sent:** Friday, August 01, 2008 4:20 PM
**To:** Swan, Pat
**Cc:** McCallum, Stephanie S.; Warner, Kevin E.
**Subject:** Abbott Laboratories et al. v. Church & Dwight, 07-3428

Pat -
Please let me know by close of business on Monday, August 4, whether you can and will accept service of the attached subpoena to Scantibodies Laboratory.  We will have the subpoena served directly if we do not hear from you by then.

I will contact you Monday to discuss the outstanding document and deposition requests associated with the previous subpoena served on Scantibodies in this case.

Regards,
Kevin

EXHIBIT ___8___

PAGE ___1___ OF ___2___

9/5/2008

**Kevin E. Warner**
**Associate**

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
T: +1 (312) 558-5600
F: +1 (312) 558-5700

<u>email</u> | <u>www.winston.com</u>



The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*********************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

EXHIBIT ___8___

PAGE__2__ OF _2_

# EXHIBIT 9

## Swan, Pat

**From:** Warner, Kevin E. [KWarner@winston.com]
**Sent:** Monday, August 04, 2008 9:20 PM
**To:** Swan, Pat
**Cc:** McCallum, Stephanie S.
**Subject:** RE: Abbott Laboratories et al. v. Church & Dwight, 07-3428

Pat -
Thank you for agreeing to accept service of the subpoena. We consider the subpoena as having been served today, August 4, 2008.

I have tried on several occasions to call you to discuss your e-mail of July 24 to clarify Abbott's requests, but have been unable to reach you. In order to facilitate SLI's production, please note the following. First, during our last phone conversation to discuss SLI's production in response to the subpoena, I highlighted the category of documents exemplified by Request No. 11 as a category of documents that may not have been produced by Church & Dwight in this litigation. Such documents would thus not be subject to any objection by SLI that further production would be duplicative. Abbott is not, however, withdrawing any or all of its other document requests. To the extent SLI has documents responsive to those categories that have not been produced in this litigation by Church & Dwight, we request that you produce those documents as well.

Abbott believes Request No. 11 is proper in terms of the scope of its subject matter and is not objectionable because, as you claim, there is no time limitation. Documents concerning the the antibodies used in any accused C&D Test Kit are relevant, regardless of the date of their creation. For instance, documents concerning the properties and characteristics of the antibodies used in the accused Test Kits are relevant to the extent they were created during the period of SLI's relationship with Church & Dwight. Such documents that relate to the same antibodies and/or cell lines are not irrelevant simply because they may pre-date that relationship.

With respect to my comment about "certifications," Abbott is asking for any documents such as certificates or specifications that report any properties or characteristics of the subject antibodies. Such certificates would be, for instance, formal documentation of the "tests, analyses [or] evaluations" that are called for in Request No. 11.

By this Thursday, please provide a date certain on or before August 15 on which these documents will be produced. We believe that date is more than reasonable, given that SLI has had this subpoena since April 2008.

We have also not received any proposed dates regarding the Rule 30(b)(6) deposition of SLI. By Thursday, please also provide all available dates in August for the Rule 30(b)(6) deposition of SLI.

I am traveling for the next few days. If you have any further questions about the subpoena, please contact me at 773-727-1988.

Regards,
Kevin

EXHIBIT 9
PAGE 1 OF 3

9/5/2008

**From:** Swan, Pat [mailto:pswan@LUCE.com]
**Sent:** Monday, August 04, 2008 10:27 AM
**To:** Warner, Kevin E.
**Cc:** McCallum, Stephanie S.; Swan, Pat
**Subject:** RE: Abbott Laboratories et al. v. Church & Dwight, 07-3428

**Dear Kevin,**

**I can accept service of the new subpoena to SLI.**

**I have never heard back from you in response to my July 24, 2008 e-mail regarding the first subpoena.  The text of that e-mail stated:**

**"I called and left you a message to call me back.**

**As I understand it, the only documents you are seeking from SLI are those described in no. 11 of the List of Documents attached to the subpoena.  Unfortunately, there is no time limitation in no. 11, making it overbroad, burdensome and oppressive.  We will produce responsive documents, but we need to have an agreed-upon time limitation.  The description in no. 11 is also overbroad.  Based on our communications, I understand that the request seeks documents relating to the testing of the antibodies.  Your e-mail below also mentions certifications, which is not in no. 11.  I would appreciate it if you would clarify what you are requesting."**

**I would appreciate it if you would let me know.**

**Yours, Pat**

---

**From:** Warner, Kevin E. [mailto:KWarner@winston.com]
**Sent:** Friday, August 01, 2008 4:20 PM
**To:** Swan, Pat
**Cc:** McCallum, Stephanie S.; Warner, Kevin E.
**Subject:** Abbott Laboratories et al. v. Church & Dwight, 07-3428

Pat -
Please let me know by close of business on Monday, August 4, whether you can and will accept service of the attached subpoena to Scantibodies Laboratory.  We will have the subpoena served directly if we do not hear from you by then.

I will contact you Monday to discuss the outstanding document and deposition requests associated with the previous subpoena served on Scantibodies in this case.

Regards,
Kevin

**Kevin E. Warner**
**Associate**

Winston & Strawn LLP

EXHIBIT ___9___

PAGE __2__ OF __3__

9/5/2008

35 West Wacker Drive
Chicago, IL 60601-9703
T: +1 (312) 558-5600
F: +1 (312) 558-5700

email | www.winston.com



The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

* * * * * * * * * * * * * *

CONFIDENTIAL

Luce, Forward, Hamilton & Scripps LLP
This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments without reading, printing, copying or forwarding it, and please notify us.

http://www.luce.com
 Please consider the environment before printing this email.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

EXHIBIT ___9___

PAGE ___3___ OF ___3___

9/5/2008

EXHIBIT 10

**Swan, Pat**

| | |
|---|---|
| **From:** | Swan, Pat |
| **Sent:** | Sunday, August 10, 2008 9:47 PM |
| **To:** | 'Warner, Kevin E.' |
| **Cc:** | Swan, Pat |
| **Subject:** | Abbott Laboratories et al. v. Church & Dwight, 07-3428 |

**Dear Kevin,**

**I am disappointed in your message below. Despite our earlier conversation and agreement that you were now only seeking documents pursuant to Request No. 11, you are now attempting to renege. That is unacceptable.**

**As to Request No. 11, the lack of a time limitation makes it unreasonable. Further, it ignores the fact that the product has a two-year shelf life. We will produce responsive, non-privileged documents going back two years. We hope to have these documents copied by August 25th.**

**Scantibodies' Rule 30(b)(6) witness on testing will be Jerry Sun. I assume you will want to depose him after you receive the documents. Please let me know what dates are available for you after August 25th.**

**Yours, Pat**

---

**From:** Warner, Kevin E. [mailto:KWarner@winston.com]
**Sent:** Monday, August 04, 2008 9:20 PM
**To:** Swan, Pat
**Cc:** McCallum, Stephanie S.
**Subject:** RE: Abbott Laboratories et al. v. Church & Dwight, 07-3428

Pat -
Thank you for agreeing to accept service of the subpoena. We consider the subpoena as having been served today, August 4, 2008.

I have tried on several occasions to call you to discuss your e-mail of July 24 to clarify Abbott's requests, but have been unable to reach you. In order to facilitate SLI's production, please note the following. First, during our last phone conversation to discuss SLI's production in response to the subpoena, I highlighted the category of documents exemplified by Request No. 11 as a category of documents that may not have been produced by Church & Dwight in this litigation. Such documents would thus not be subject to any objection by SLI that further production would be duplicative. Abbott is not, however, withdrawing any or all of its other document requests. To the extent SLI has documents responsive to those categories that have not been produced in this litigation by Church & Dwight, we request that you produce those documents as well.

Abbott believes Request No. 11 is proper in terms of the scope of its subject matter and is not objectionable because, as you claim, there is no time limitation. Documents concerning the the the

EXHIBIT ___10___

antibodies used in any accused C&D Test Kit are relevant, regardless of the date of their creation. For instance, documents concerning the properties and characteristics of the antibodies used in the accused Test Kits are relevant to the extent they were created during the period of SLI's relationship with Church & Dwight. Such documents that relate to the same antibodies and/or cell lines are not irrelevant simply because they may pre-date that relationship.

With respect to my comment about "certifications," Abbott is asking for any documents such as certificates or specifications that report any properties or characteristics of the subject antibodies. Such certificates would be, for instance, formal documentation of the "tests, analyses [or] evaluations" that are called for in Request No. 11.

By this Thursday, please provide a date certain on or before August 15 on which these documents will be produced. We believe that date is more than reasonable, given that SLI has had this subpoena since April 2008.

We have also not received any proposed dates regarding the Rule 30(b)(6) deposition of SLI. By Thursday, please also provide all available dates in August for the Rule 30(b)(6) deposition of SLI.

I am traveling for the next few days. If you have any further questions about the subpoena, please contact me at 773-727-1988.

Regards,
Kevin

---

**From:** Swan, Pat [mailto:pswan@LUCE.com]
**Sent:** Monday, August 04, 2008 10:27 AM
**To:** Warner, Kevin E.
**Cc:** McCallum, Stephanie S.; Swan, Pat
**Subject:** RE: Abbott Laboratories et al. v. Church & Dwight, 07-3428

**Dear Kevin,**

**I can accept service of the new subpoena to SLI.**

**I have never heard back from you in response to my July 24, 2008 e-mail regarding the first subpoena. The text of that e-mail stated:**

**"I called and left you a message to call me back.**

**As I understand it, the only documents you are seeking from SLI are those described in no. 11 of the List of Documents attached to the subpoena. Unfortunately, there is no time limitation in no. 11, making it overbroad, burdensome and oppressive. We will produce responsive documents, but we need to have an agreed-upon time limitation. The description in no. 11 is also overbroad. Based on our communications, I understand that the request seeks documents relating to the testing of the antibodies. Your e-mail below also mentions certifications, which is not in no. 11. I would appreciate it if you would clarify what you are requesting."**

EXHIBIT ___10___

PAGE __2__ OF __4__

9/5/2008

**I would appreciate it if you would let me know.**

**Yours, Pat**

---

**From:** Warner, Kevin E. [mailto:KWarner@winston.com]
**Sent:** Friday, August 01, 2008 4:20 PM
**To:** Swan, Pat
**Cc:** McCallum, Stephanie S.; Warner, Kevin E.
**Subject:** Abbott Laboratories et al. v. Church & Dwight, 07-3428

Pat -
Please let me know by close of business on Monday, August 4, whether you can and will accept service of the attached subpoena to Scantibodies Laboratory. We will have the subpoena served directly if we do not hear from you by then.

I will contact you Monday to discuss the outstanding document and deposition requests associated with the previous subpoena served on Scantibodies in this case.

Regards,
Kevin

**Kevin E. Warner**
**Associate**

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
T: +1 (312) 558-5600
F: +1 (312) 558-5700

email | www.winston.com



The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*******************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

***************

CONFIDENTIAL

Luce, Forward, Hamilton & Scripps LLP
This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments without reading, printing, copying or forwarding it, and please notify us.

http://www.luce.com
Please consider the environment before printing this email.

EXHIBIT _10_

PAGE _3_ OF _4_

The contents of this message may be privileged and confidential. Therefore, if this message has been

9/5/2008

received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*****************************************************************************

Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

EXHIBIT___10___

PAGE__4__ OF _4_

# EXHIBIT 11

## Swan, Pat

| | |
|---|---|
| **From:** | Warner, Kevin E. [KWarner@winston.com] |
| **Sent:** | Monday, August 11, 2008 6:42 AM |
| **To:** | Swan, Pat |
| **Cc:** | Warner, Kevin E.; Perkins, Ray |
| **Subject:** | RE: Abbott Laboratories et al. v. Church & Dwight, 07-3428 |

Pat,

You have mischaracterized our earlier conversation about Abbott's subpoena to SLI. I am sure you recall that there was no specific mention whatsoever of "Topic 11" during any of our previous phone conversations, and I never agreed to narrow the subpoena to any particular document categories and forego others. I am not attempting to "renege" on any agreement, and I stand by my representation below of our previous conversations.

Further, your objection regarding the time limit of Topic No. 11 is untenable and does not appear to be made in good faith. The "shelf-life" of any of the relevant antibodies is of course irrelevant to what documents might be responsive. A document that characterizes an antibody prior to the expiration of its "shelf-life" does not become irrelevant or of less importance at any time thereafter simply because the antibody itself may no longer be active. In any event, we will not further debate this issue and will seek the Court's assistance in enforcing the subpoena.

As for the deposition of Jerry Sun, we are available any day during the weeks of September 1 or September 8. We need to take the deposition after Abbott's inspection of Scantibodies' premises, so we request that you immediately provide dates for both during those weeks.

Regards,
Kevin

---

**From:** Swan, Pat [mailto:pswan@LUCE.com]
**Sent:** Sunday, August 10, 2008 11:47 PM
**To:** Warner, Kevin E.
**Cc:** Swan, Pat
**Subject:** Abbott Laboratories et al. v. Church & Dwight, 07-3428

**Dear Kevin,**

**I am disappointed in your message below. Despite our earlier conversation and agreement that you were now only seeking documents pursuant to Request No. 11, you are now attempting to renege. That is unacceptable.**

**As to Request No. 11, the lack of a time limitation makes it unreasonable. Further, it ignores the fact that the product has a two-year shelf life. We will produce responsive, non-privileged documents going back two years. We hope to have these documents copied by August 25th.**

**Scantibodies' Rule 30(b)(6) witness on testing will be Jerry Sun. I assume you will want to depose him after you receive the documents. Please let me know what dates are available for you after August 25th.**

EXHIBIT __11__

PAGE __1__ OF __4__

9/5/2008

**Yours, Pat**

---

**From:** Warner, Kevin E. [mailto:KWarner@winston.com]
**Sent:** Monday, August 04, 2008 9:20 PM
**To:** Swan, Pat
**Cc:** McCallum, Stephanie S.
**Subject:** RE: Abbott Laboratories et al. v. Church & Dwight, 07-3428

Pat -
Thank you for agreeing to accept service of the subpoena. We consider the subpoena as having been served today, August 4, 2008.

I have tried on several occasions to call you to discuss your e-mail of July 24 to clarify Abbott's requests, but have been unable to reach you. In order to facilitate SLI's production, please note the following. First, during our last phone conversation to discuss SLI's production in response to the subpoena, I highlighted the category of documents exemplified by Request No. 11 as a category of documents that may not have been produced by Church & Dwight in this litigation. Such documents would thus not be subject to any objection by SLI that further production would be duplicative. Abbott is not, however, withdrawing any or all of its other document requests. To the extent SLI has documents responsive to those categories that have not been produced in this litigation by Church & Dwight, we request that you produce those documents as well.

Abbott believes Request No. 11 is proper in terms of the scope of its subject matter and is not objectionable because, as you claim, there is no time limitation. Documents concerning the the antibodies used in any accused C&D Test Kit are relevant, regardless of the date of their creation. For instance, documents concerning the properties and characteristics of the antibodies used in the accused Test Kits are relevant to the extent they were created during the period of SLI's relationship with Church & Dwight. Such documents that relate to the same antibodies and/or cell lines are not irrelevant simply because they may pre-date that relationship.

With respect to my comment about "certifications," Abbott is asking for any documents such as certificates or specifications that report any properties or characteristics of the subject antibodies. Such certificates would be, for instance, formal documentation of the "tests, analyses [or] evaluations" that are called for in Request No. 11.

By this Thursday, please provide a date certain on or before August 15 on which these documents will be produced. We believe that date is more than reasonable, given that SLI has had this subpoena since April 2008.

We have also not received any proposed dates regarding the Rule 30(b)(6) deposition of SLI. By Thursday, please also provide all available dates in August for the Rule 30(b)(6) deposition of SLI.

I am traveling for the next few days. If you have any further questions about the subpoena, please contact me at 773-727-1988.

Regards,
Kevin

---

**From:** Swan, Pat [mailto:pswan@LUCE.com]
**Sent:** Monday, August 04, 2008 10:27 AM
**To:** Warner, Kevin E.
**Cc:** McCallum, Stephanie S.; Swan, Pat
**Subject:** RE: Abbott Laboratories et al. v. Church & Dwight, 07-3428

EXHIBIT ___11___

PAGE __2__ OF __4__

**Dear Kevin,**

**I can accept service of the new subpoena to SLI.**

**I have never heard back from you in response to my July 24, 2008 e-mail regarding the first subpoena.  The text of that e-mail stated:**

**"I called and left you a message to call me back.**

**As I understand it, the only documents you are seeking from SLI are those described in no. 11 of the List of Documents attached to the subpoena. Unfortunately, there is no time limitation in no. 11, making it overbroad, burdensome and oppressive.  We will produce responsive documents, but we need to have an agreed-upon time limitation.  The description in no. 11 is also overbroad.  Based on our communications, I understand that the request seeks documents relating to the testing of the antibodies.  Your e-mail below also mentions certifications, which is not in no. 11.  I would appreciate it if you would clarify what you are requesting."**

**I would appreciate it if you would let me know.**

**Yours, Pat**

---

**From:** Warner, Kevin E. [mailto:KWarner@winston.com]
**Sent:** Friday, August 01, 2008 4:20 PM
**To:** Swan, Pat
**Cc:** McCallum, Stephanie S.; Warner, Kevin E.
**Subject:** Abbott Laboratories et al. v. Church & Dwight, 07-3428

Pat -
Please let me know by close of business on Monday, August 4, whether you can and will accept service of the attached subpoena to Scantibodies Laboratory.  We will have the subpoena served directly if we do not hear from you by then.

I will contact you Monday to discuss the outstanding document and deposition requests associated with the previous subpoena served on Scantibodies in this case.

Regards,
Kevin

**Kevin E. Warner**
**Associate**

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
T: +1 (312) 558-5600
F: +1 (312) 558-5700

email | www.winston.com

EXHIBIT ___11___

PAGE __3__ OF _4_

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CONFIDENTIAL

Luce, Forward, Hamilton & Scripps LLP
This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments without reading, printing, copying or forwarding it, and please notify us.

http://www.luce.com
 Please consider the environment before printing this email.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CONFIDENTIAL

Luce, Forward, Hamilton & Scripps LLP
This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments without reading, printing, copying or forwarding it, and please notify us.

http://www.luce.com
 Please consider the environment before printing this email.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

EXHIBIT ___11___

PAGE __4__ OF __4__

EXHIBIT 12

**Swan, Pat**

| | |
|---|---|
| **From:** | Warner, Kevin E. [KWarner@winston.com] |
| **Sent:** | Monday, August 18, 2008 5:54 AM |
| **To:** | Swan, Pat |
| **Cc:** | McCallum, Stephanie S. |
| **Subject:** | Abbott Labs. and SurModics v. Church & Dwight |

Pat -

I have not received any response from you regarding the subpoena Abbott served on August 4, containing a notice of inspection for August 22, 2008. Please let me know by the end of the day whether Scantibodies intends to permit the inspection to go forward that day.

Regards,
Kevin

**Kevin E. Warner**
**Associate**

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
T: +1 (312) 558-5600
F: +1 (312) 558-5700

email | www.winston.com

[x]

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

EXHIBIT___12___

PAGE___1___OF___1___

EXHIBIT 13

## Swan, Pat

| | |
|---|---|
| **From:** | Swan, Pat |
| **Sent:** | Monday, August 18, 2008 9:13 PM |
| **To:** | 'Warner, Kevin E.' |
| **Cc:** | Swan, Pat |
| **Subject:** | RE: Abbott Labs. and SurModics v. Church & Dwight |

**Dear Kevin,**

**We served objections today to the inspection subpoena, and we will not agree to the requested inspection. Please let me know your thoughts after you receive the objections.**

**I received your 8/11/08 e-mail that came last week while I was out on vacation. Suffice it to say we disagree with your revisionist history and positions.**

**Yours, Pat**

---

**From:** Warner, Kevin E. [mailto:KWarner@winston.com]
**Sent:** Monday, August 18, 2008 5:54 AM
**To:** Swan, Pat
**Cc:** McCallum, Stephanie S.
**Subject:** Abbott Labs. and SurModics v. Church & Dwight

Pat -
I have not received any response from you regarding the subpoena Abbott served on August 4, containing a notice of inspection for August 22, 2008. Please let me know by the end of the day whether Scantibodies intends to permit the inspection to go forward that day.

Regards,
Kevin

**Kevin E. Warner**
**Associate**

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
T: +1 (312) 558-5600
F: +1 (312) 558-5700

email | www.winston.com



The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*********************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

EXHIBIT ___13___

PAGE _1_ OF _1_

9/5/2008

EXHIBIT 14

1  Edward Patrick Swan, Jr., State Bar No. 089429
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  600 West Broadway, Suite 2600
   San Diego, California 92101-3372
3  Telephone No.: 619.699.2415
   Fax No.: 619.645.5321
4

5  Attorneys for Non-Party Scantibodies Laboratory, Inc.

6

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11  ABBOTT LABORATORIES,               Case No. 07-CV-3428 (MFK)
                                       (Pending in the Northern District of Illinois)
12        Plaintiff,
                                       **NON-PARTY SCANTIBODIES**
13  v.                                 **LABORATORY, INC.'S RESPONSES**
                                       **AND OBJECTIONS TO PLAINTIFF**
14  CHURCH & DWIGHT CO., INC.,         **ABBOTT LABORATORIES' SUBPOENA**
                                       **TO PERMIT INSPECTION**
15        Defendant.

16

17        Non-party Scantibodies Laboratory, Inc. ("Scantibodies") hereby responds and objects to

18  plaintiff Abbott Laboratories' ("Abbott") Subpoena to permit inspection dated August 1, 2008 (the

19  "Subpoena").

20        The Subpoena seeks to permit Abbott to enter Scantibodies' "plant, facilities or other

21  premises" for the "purpose of inspecting, photographing and videotaping premises, objects,

22  product, equipment and operations that concern the production, manufacture and/or assembly of

23  any test for the diagnosis of pregnancy or ovulation for or on behalf of Church & Dwight, Inc., or

24  any component part thereof (C&D Test Kits)." It further seeks to conduct such inspection,

25  photographing and/or videotaping for an unlimited period of time starting on August 22, 2008 at

26  9:00 a.m., and states that the inspection "shall be during an actual production run or runs of

27  commercial batches of C&D Test Kits for the detection of pregnancy and ovulation." It further

28  provides that the inspection "may be conducted by counsel for Abbott, a videographer,

                                       EXHIBIT ___14___
                              1               Case No. 07-CV-3428 (MFK)
                                       PAGE ___1___ OF ___5___

1    photographer and one or more experts," none of whom are identified by name.

2         The Subpoena is objected to on the following grounds:

3         1.    The Subpoena is overly broad, unduly burdensome, not reasonably calculated to the

4    discovery of admissible evidence and not relevant to any claim or defense on the grounds that the

5    asserted claims of the patents-in-suit are not directed to a method of manufacture.  Instead, the

6    asserted claims are device claims and method of use claims.  Scantibodies is informed and

7    believes that Church & Dwight Co., Inc. ("C&D") has produced documents, including documents

8    of Scantibodies, detailing the ingredients, components, and materials of the devices manufactured

9    by Scantibodies for C&D as well as documents detailing the function, operation and method of

10    use of the devices manufactured by Scantibodies for C&D.

11         2.    The Subpoena is harassing in that it seeks information that is cumulative and

12    duplicative of information contained in the documents produced by C&D and already in Abbott's

13    possession.

14         3.    The Subpoena is harassing in that it seeks information that is cumulative and

15    duplicative of Abbott's 30(b)(6) deposition of C&D and duplicative of information requested by

16    Abbott's prior subpoena to Scantibodies.

17         4.    The Subpoena seeks "inspection, photographing and/or videotaping" of

18    Scantibodies' "plant, facilities or other premises" where Scantibodies manufactures product, and

19    such "inspection, photographing and/or videotaping" would unreasonably, improperly and

20    impermissibly reveal and copy Scantibodies' trade secrets and other confidential research,

21    development and commercial information, and thereby require disclosure of privileged or other

22    protected matter.

23         5.    The scope of the Subpoena, both as to the unlimited time of the inspection and the

24    areas to be inspected, is overly broad, unduly burdensome and oppressive.

25         6.    The inspection sought by the Subpoena will unreasonably interfere and obstruct

26    Scantibodies' manufacturing and other operations.

                                                  EXHIBIT   14

27         7.    The inspection sought by the Subpoena would allow unauthorized persons into the

                                            PAGE  2  OF  5

28    Scantibodies' manufacturing facility, presenting safety and liability issues.

                        Case No. 07-CV-3428 (MFK)

8.      The inspection sought by the Subpoena seeks inspection by unnamed persons.

Based on these objections, Scantibodies will not allow inspection pursuant to the terms of the Subpoena.

DATED: August 1&, 2008            LUCE, FORWARD, HAMILTON & SCRIPPS LLP


By: _____

Edward Patrick Swan, Jr.
Attorneys for Non-Party Scantibodies Laboratory, Inc.

101111444.1

EXHIBIT ___14___

PAGE___3___ OF ___5___

3                    Case No. 07-CV-3428 (MFK)

## CERTIFICATE OF SERVICE

*Abbott Laboratories v. Church & Dwight Co., Inc.*
U.S. District Court, Southern District of California
Case No. 07-CV-3428 (MFK) (Pending in the Northern District of Illinois)

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen years, and am not a party to this action.

On August 18, 2008, I served the following:

**NON-PARTY SCANTIBODIES LABORATORY, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF ABBOTT LABORATORIES' SUBPOENA TO PERMIT INSPECTION**

on the below parties in this action by placing a true copy (copies) thereof in a separate envelope(s), addressed as shown, for collection and mailing on the below indicated day pursuant to the ordinary business practice of this office which is that correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business:

> Stephanie McCallum, Esq.
> Winston & Strawn LLP
> 35 W. Wacker Drive
> Chicago, IL 60601
> *Attorneys for Abbott Laboratories*
>
> Baldo Vinti, Esq.
> Proskauer Rose LLP
> 1585 Broadway
> New York, NY 10036-8299
> *Attorneys for Church & Dwight Co., Inc.*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXHIBIT __14__

PAGE __4__ OF __5__

Executed at San Diego, California on August 18, 2008.

*Dorenne Charles*
_____
Dorenne Charles

101094881.1

EXHIBIT 14
PAGE 5 OF 5

EXHIBIT 15

## Swan, Pat

**From:** Warner, Kevin E. [KWarner@winston.com]
**Sent:** Thursday, August 28, 2008 1:05 PM
**To:** Swan, Pat
**Subject:** RE: Abbott Labs. and SurModics v. Church & Dwight

Pat -
I have not received the objections you mentioned below.  Please forward a copy to me as soon as possible.

Regards,
Kevin

---

**From:** Swan, Pat [mailto:pswan@LUCE.com]
**Sent:** Monday, August 18, 2008 11:13 PM
**To:** Warner, Kevin E.
**Cc:** Swan, Pat
**Subject:** RE: Abbott Labs. and SurModics v. Church & Dwight

**Dear Kevin,**

**We served objections today to the inspection subpoena, and we will not agree to the requested inspection.  Please let me know your thoughts after you receive the objections.**

**I received your 8/11/08 e-mail that came last week while I was out on vacation.  Suffice it to say we disagree with your revisionist history and positions.**

**Yours, Pat**

---

**From:** Warner, Kevin E. [mailto:KWarner@winston.com]
**Sent:** Monday, August 18, 2008 5:54 AM
**To:** Swan, Pat
**Cc:** McCallum, Stephanie S.
**Subject:** Abbott Labs. and SurModics v. Church & Dwight

Pat -
I have not received any response from you regarding the subpoena Abbott served on August 4, containing a notice of inspection for August 22, 2008.  Please let me know by the end of the day whether Scantibodies intends to permit the inspection to go forward that day.

Regards,
Kevin

EXHIBIT   15

PAGE   1   OF   2

**Kevin E. Warner**
**Associate**

Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
T: +1 (312) 558-5600
F: +1 (312) 558-5700

email | www.winston.com



The contents of this message may be privileged and confidential. Therefore, if this message has
been received in error, please delete it without reading it. Your receipt of this message is not
intended to waive any applicable privilege. Please do not disseminate this message without the
permission of the author.
****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you
(or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

**************

CONFIDENTIAL

Luce, Forward, Hamilton & Scripps LLP
This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete
the e-mail and any attachments without reading, printing, copying or forwarding it, and please notify us.

http://www.luce.com

 Please consider the environment before printing this email.

The contents of this message may be privileged and confidential. Therefore, if this message has been
received in error, please delete it without reading it. Your receipt of this message is not intended to
waive any applicable privilege. Please do not disseminate this message without the permission of the
author.
****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any
other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

EXHIBIT __15__

PAGE __2__ OF __2__

9/5/2008

EXHIBIT 16

## Swan, Pat

| | |
|---|---|
| **From:** | Charles, Dorenne |
| **Sent:** | Tuesday, September 02, 2008 10:13 AM |
| **To:** | 'KWarner@winston.com' |
| **Cc:** | Swan, Pat |
| **Subject:** | Abbott v. SLI Objections |

**Attachments:**     DOC001.PDF

They were mailed served to Stephanie McCallum at your firm on August 18, 2008.  Attached is another copy.



DOC001.PDF (67
KB)

* * * * * * * * * * * * *

## CONFIDENTIAL

**Dorenne Charles**
**Legal Assistant to Pat Swan and Keith Cochran**
**Luce, Forward, Hamilton & Scripps LLP**
**600 West Broadway**
**Suite 2600**
**San Diego, CA 92101-3391**
**Direct Dial (619) 235-3415**
**Direct Fax (619) 645-5321**

This e-mail is sent by a law firm and may contain information that is privileged or confidential.  If you are not the intended recipient, please delete the e-mail and any attachments without reading, printing, copying or forwarding it, and please notify us.

EXHIBIT __16__

PAGE __1__ OF __1__

1  Edward Patrick Swan, Jr., State Bar No. 089429
   Caryn M. Anderson, State Bar No. 247038
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   600 West Broadway, Suite 2600
3  San Diego, California 92101-3372
   Telephone No.: 619.236.1414
4  Fax No.: 619.232.8311

5  Attorneys for Third Party Scantibodies Laboratory Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  ABBOTT LABORATORIES,                    Case No. 08-CV-1525 H (BLM)

12          Plaintiff,                      The Hon. Barbara L. Major

13  v.                                      **DECLARATION OF JERRY SUN IN
                                            SUPPORT OF THIRD PARTY
14  SCANTIBODIES LABORATORY, INC.,          SCANTIBODIES INC.'S OPPOSITION
                                            TO MOTION TO COMPEL**
15          Defendant.
                                            Date:    September 17, 2008
16                                          Time:    3:00 p.m.

17

18          I, Jerry Sun, declare as follows:

19          1.      I am the Manager – PTK/OV Reagents and Assays for Scantibodies Laboratory, Inc.

20  ("SLI"). I am responsible for supervising the manufacture of pregnancy test kits for Church &

21  Dwight Co., Inc. ("C&D"). I make this declaration in support of SLI's opposition to Abbott

22  Laboratories' ("Abbott") motion to compel. Except as otherwise noted, I have personal knowledge of

    the following facts, and I could competently testify thereto.
23
            2.      I have reviewed Abbott's subpoena to inspect SLI's manufacturing facility. The
24
    subpoena seeks to permit Abbott to enter SLI's "plant, facilities or other premises" for the "purpose of
25
    inspecting, photographing and videotaping premises, objects, product, equipment and operations that
26
    concern the production, manufacture and/or assembly of any test for the diagnosis of pregnancy or
27
    ovulation for or on behalf of Church & Dwight, Inc., or any component part thereof (C&D Test Kits)."
28

                                              1                        08-CV-1525 H (BLM)

1  It further seeks to conduct such inspection, photographing and/or videotaping for an unlimited period
2  of time, and states that the inspection "shall be during an actual production run or runs of commercial
3  batches of C&D Test Kits for the detection of pregnancy and ovulation." It further provides that the
4  inspection "may be conducted by counsel for Abbott, a videographer, photographer and one or more
5  experts," none of whom are identified by name.

6         3.      The subpoena seeks "inspection, photographing and/or videotaping" of SLI's "plant,
7  facilities or other premises" where SLI manufactures product. Such "inspection, photographing
8  and/or videotaping" would unreasonably, improperly and impermissibly reveal and copy SLI's trade
9  secrets and other confidential research, development and commercial information, and thereby require
10  disclosure of privileged or other protected matter. Many manufacturing processes are unique to SLI
11  and observation by a third party, especially a third party competitor could produce a competitive
12  disadvantage.

13         4.      The inspection sought by the subpoena will unreasonably interfere and obstruct SLI's
14  manufacturing and other operations.   The inspection sought by the subpoena would allow
15  unauthorized persons into SLI's manufacturing facility, presenting safety and liability issues. The
16  production areas are clean and semi-clean rooms and as such require specific preparation, clothing and
17  other supplies that are unique and specific to SLI. These areas are designed for those who are familiar
18  with production and may be unsafe for visitors. The chemicals and other production supplies require
19  specific degrees of safety training before entry is allowed. The inspection sought by the subpoena also
20  seeks inspection by unnamed persons.

21         I declare under penalty of perjury under the laws of the United States of America that the
22  foregoing is true and correct, and that I executed this declaration on September 8, 2008, in San Diego,
23  California.

24

25         _____
                        Jerry Sun

26

27

28  10t116773.1

<u>CERTIFICATE OF SERVICE</u>

*Abbott Laboratories v. Scantibodies Laboratory, Inc.*
U.S. District Court, Southern District of California
Case No. 08-CV-1525 H (BLM)

I, declare as follows:

I am an attorney with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose

address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372.  I am over the

age of eighteen years, and am not a party to this action.

On September 8, 2008, I served the following:

**THIRD PARTY SCANTIBODIES LABORATORY, INC.'S OPPOSITION TO MOTION TO COMPEL**

**DECLARATION OF EDWARD PATRICK SWAN, JR. IN SUPPORT OF THIRD PARTY SCANTIBODIES LABORATORY, INC.'S OPPOSITION TO MOTION TO COMPEL**

**DECLARATION OF JERRY SUN IN SUPPORT OF THIRD PARTY SCANTIBODIES LABORATORY, INC.'S OPPOSITION TO MOTION TO COMPEL**

**THIRD PARTY SCANTIBODIES LABORATORY, INC.'S NOTICE OF AND MOTION TO FILE DECLARATION OF STEPHEN B. SHEAR UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MOTION TO COMPEL**

on the interested parties in this action by:

  XX    **ELECTRONIC SERVICE:**  I hereby certify that I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

**Stephen R Smerek**
ssmerek@winston.com

**DECLARATION OF STEPHEN B. SHEAR [TO BE FILED UNDER SEAL]\*\***

  **\*\***    **OVERNIGHT MAIL:** I sent a copy via overnight mail.

  **\*\***    **EMAIL:** I sent a copy via email transmission to the email addresses.  I am readily familiar with this office's practice for transmissions by email.  Transmissions are sent as soon as possible and are repeated, if necessary, until they are reported as complete and without error.  In sending the foregoing documents by email, I followed this office's ordinary business practices.  The sending email address is dcharles@luce.com.

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**George C Lombardi**
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601

**Raymond C. Perkins**
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601

**Kevin E. Warner**
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601

I declare that I am employed in the office at whose direction the service was made.

Executed at San Diego, California on September 8, 2008.

/s/ Edward Patrick Swan, Jr.

101116830.1